2) Caption, civil cases







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




JAMES LEE SWEED,

                            Appellant,

v.

CITY OF EL PASO,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-03-00427-CV

Appeal from the

210th District Court

of El Paso County, Texas 

(TC#2001-2729) 




O P I N I O N

           James Lee Sweed, an inmate in the Texas Department of Corrections, appeals the
trial court’s order dismissing his civil suit for want of prosecution. We reverse and
remand for further proceedings.
Facts
           On July 31, 2001, James Sweed filed a petition against the City of El Paso. He
named himself and his deceased parents as petitioners under a 42 U.S.C. § 1983 action. 
Sweed’s petition claimed the City had wrongfully collected property taxes against himself
and his parents for the years 1988 through 1993, when the property in question was
owned by another individual. The City was served with the suit on October 29, 2001. 
The City filed special exceptions, a general denial, and affirmative defenses on November
16, 2001. Among other documents, Sweed filed a motion for post-answer default
judgment, a motion for a bench trial date, a motion for summary judgment, and a motion
to proceed under Tex. Civ. Prac. & Rem. Code Ann. § 14.008, requesting that he be
allowed to appear by videoconferencing technology or telephone. The record contains no
action by the trial court on any of these motions. The City filed its motion to dismiss
under Civil Practice and Remedies Code Chapter 14, to which Sweed responded. The
record contains no ruling on the City’s motion either.
           On June 13, 2003, the trial court sent to the parties its notice of intent to dismiss
for want of prosecution, setting a dismissal hearing for July 23, 2003. Sweed filed his
reply to the notice on June 30, 2003, stating among other things that hearings and trial on
the merits should “be held by audio video tape because plaintiffs is confine [sic] in Texas
prison.” He also requested that the trial court set the case for trial on the merits.
           Nevertheless, on August 13, 2003, the trial court dismissed the case pursuant to
Rule 165a of the Texas Rules of Civil Procedure. On August 29, 2003, Sweed filed his
motion for reinstatement, urging that the trial court knew or should have known that
Sweed was confined in Texas prison and had no way to appear for hearing other than
through video technology or by telephone. The trial court did not rule on this motion. 
This appeal follows.
 

Standard of Review
           We review the trial court’s dismissal of a case for want of prosecution under an
abuse of discretion standard. In re Marriage of Buster, 115 S.W.3d 141, 144 (Tex. App.--Texarkana 2003, no pet.). A trial court abuses its discretion where it acts in an
unreasonable or arbitrary manner, or without reference to any guiding rules or principles. 
Downer v. Aquamarine Operators, 701 S.W.2d 238, 241-42 (Tex. 1985).
Dismissal of inmate’s lawsuit for want of prosection
           Trial courts have inherent power to dismiss cases for want of prosecution, and
courts have express authority to do so under Tex. R. Civ. P. 165a. Alexander v. Lynda’s
Boutique, 134 S.W.3d 845, 850 (Tex. 2004). Here, as the trial court’s order specifically
relies upon Rule 165a, we will analyze the case under that authority. That rule states:
1. Failure to Appear. A case may be dismissed for want of prosecution on
failure of any party seeking affirmative relief to appear for any hearing or trial of
which the party had notice. . . . At the dismissal hearing, the court shall dismiss
for want of prosecution unless there is good cause for the case to be maintained on
the docket. . . . Tex. R. Civ. P. 165a(1).

This authority of the court is not without reasonable limits, however.
           An inmate has a constitutional right to access the civil trial courts. Hudson v.
Palmer, 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). That right is not
without limits, however. There is no absolute right for an inmate to appear in court in
person in a civil case. Armstrong v. Randle, 881 S.W.2d 53, 56 (Tex. App.--Texarkana
1994, writ denied). In considering an inmate’s right to appear, courts follow a balancing
approach, weighing the preservation of the correctional system’s integrity against the
prisoner’s right of access, with a goal of achieving a balance that is fundamentally fair. 
Id. at 57. Where the court has determined that the inmate will not be allowed to appear
personally, however, the inmate should be allowed to proceed by affidavit, deposition,
telephone, or other effective means. Aguilar v. Alvarado, 39 S.W.3d 244, 248 (Tex.
App.--Waco 1999, pet. denied).
           Here, on at least three occasions, Sweed gave notice to the trial court that he was in
prison and moved to proceed under Tex. Civ. Prac. & Rem. Code Ann. § 14.008 by
telephone or videoconferencing technology. The trial court never ruled upon Sweed’s
requests. Instead, the trial court sent out its notice of intent to dismiss for want of
prosecution on June 13, 2003 and Sweed promptly responded in a reply filed June 30. In
his response, Sweed pointed out he had filed his own motion for summary judgment, still
pending before the trial court, and that “[p]laintiff’s filing motions after motions for an
order on his motion for summary judgment would only overload the court and court clerk
files with unnecessary . . . .” Also in this reply, Sweed asks again that he be allowed to
appear by “audio video tape” and that the case be set for hearing on the merits. The trial
court nonetheless dismissed the case for want of prosecution. Moreover, after dismissal
Sweed filed a motion to reinstate pointing out that the trial court knew or should have
known that Sweed was incarcerated and had no way to appear for hearing other than
through videoconferencing or telephone.
           Thus, it appears that Sweed was attempting to prosecute his claims, and further
that he did what he could to display good cause why his case should be maintained on the
court’s docket, as required by Rule 165a. He had obtained service on the City, he had
served and obtained discovery, he had filed motions and responded promptly to the
court’s notice. The court did not rule on his motions, nor on the City’s motion to dismiss,
nor on any other pending matter save the notice of intent to dismiss for want of
prosecution. Upon receiving the dismissal order, Sweed again promptly responded,
requesting reinstatement. Under all these circumstances, we conclude that the trial court
abused its discretion in dismissing this case for want of prosecution. See Buster, 115
S.W.3d at 145. Sweed’s sole issue on appeal is therefore sustained.
Conclusion
           The dismissal order is reversed, and the case is remanded for further proceedings. 
Nothing in this opinion should be interpreted as addressing the merits of any pending
motion in the trial court.
 
                                                                  SUSAN LARSEN, Justice
July 8, 2004

Before Panel No. 4
Barajas, C.J., Larsen, and McClure, JJ.
McClure, J., concurring




CONCURRING OPINION
 
           Because Sweed is an inmate who filed an unsworn declaration of inability to pay
costs, his suit is governed by Chapter 14 of the Texas Civil Practice and Remedies Code. 
See Tex.Civ.Prac. & Rem.Code Ann. §14.002(a)(Vernon 2002). Nevertheless, the trial
court dismissed the instant case, not under any of the provisions found in Chapter 14, but
pursuant to Rule 165a for want of prosecution. While the majority opinion professes to
limit its consideration to the requirements of that rule, it faults the trial court for not
granting Sweed’s request to appear at the dismissal hearing via videoconferencing
technology under Section 14.008 of the Texas Civil Practice and Remedies Code. While
I concur in the majority’s conclusion that the trial court erred in dismissing this case
pursuant to Rule 165a, I do not agree that Section 14.008 is mandatory as suggested by
the majority opinion or that it even applies under the circumstances of this case.
           With the exception of suits brought under the Family Code, inmate litigation in
which the inmate files an affidavit or unsworn declaration of inability to pay costs is
governed by special procedural rules set out in Chapter 14 of the Civil Practice and
Remedies Code. See Tex.Civ.Prac. & Rem.Code Ann. §14.002 (Vernon 2002); Jackson
v. Texas Department of Criminal Justice-Institutional Division, 28 S.W.3d 811, 812-13
(Tex.App.--Corpus Christi 2000, pet. denied). The Legislature enacted Chapter 14 to
control the flood of frivolous suits being filed in Texas courts by prison inmates, as these
suits consume valuable judicial resources with little offsetting benefit. Jackson, 28
S.W.3d at 813. Under this chapter, a trial court has broad discretion to dismiss a claim,
either before or after service of process, if the court finds that (1) the allegation of poverty
in the affidavit or unsworn declaration is false; (2) the claim is frivolous or malicious; or
(3) the inmate filed an affidavit or unsworn declaration required by Chapter 14 that the
inmate knew was false.


 Tex.Civ.Prac. & Rem.Code Ann. §14.003(a)(Vernon 2002);
see Jackson, 28 S.W.3d at 813. In determining whether a claim is frivolous or malicious,
the court may consider whether: (1) the claim’s realistic chance of ultimate success is
slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party
cannot prove facts in support of the claim; or (4) the claim is substantially similar to a
previous claim filed by the inmate because the claim arises from the same operative facts. 
Tex. Civ. Prac. & Rem.Code Ann. §14.003(b)(Vernon 2002). In making such a
determination, the trial court may hold a hearing, and that hearing may be held before or
after service of process and on the motion of the court, a party, or the court clerk. Tex.
Civ. Prac. & Rem.Code Ann. § 14.003(c)(Vernon 2002).
           Section 14.008, the statute relied on by the majority opinion, provides as follows:
(a) The court may hold a hearing under this chapter at a jail or a facility
operated by or under contract with the department or may conduct the
hearing with video communications technology that permits the court to see
and hear the inmate and that permits the inmate to see and hear the court
and any other witness.
 
(b) A hearing conducted under this section by video communications
technology shall be recorded on videotape. The recording is sufficient to
serve as a permanent record of the hearing.

Tex.Civ.Prac. & Rem.Code Ann. §14.008 (Vernon 2002).

           Section 14.009 permits the trial court to request a person with an admissible
document or admissible testimony relevant to the subject matter of the hearing to submit a
copy of the document or written statement stating the substance of the testimony. 
Tex.Civ.Prac. & Rem.Code Ann. §14.009(a)(Vernon 2002). Finally, Section 14.010
permits the trial court to dismiss the entire claim or a portion of it under Chapter 14. 
Tex.Civ.Prac. & Rem.Code Ann. §14.010(a)(Vernon 2002). Therefore, under Chapter
14, the trial court has statutory authority to hold a dismissal hearing pursuant to Section
14.003, with or without notice to the inmate, with or without the submission of evidence,
and with or without the inmate’s requested presence via video teleconference. Brewer v.
Myrtle Cove Apartments, No. 05-01-01045-CV, 2002 WL 1767218 (Tex.App.--Dallas
August 1, 2002, no pet.)(not designated for publication).
           Here, the City of El Paso filed a motion to dismiss pursuant to Section 14.003
alleging not only that Sweed’s suit was frivolous and malicious but also that the
declaration he filed pursuant to Section 14.004 was false since he had not identified all of
his prior suits. Attached to the City’s motion is evidence which tends to show that Sweed
had previously litigated the same issues raised in the instant case


 and he had failed to
identify not only that suit but also numerous other suits previously filed in the courts of El
Paso County. For unknown reasons, the trial court did not hold a hearing under Section
14.003 or act on the City’s motion to dismiss. Instead, the court sent out a notice of its
intention to dismiss the case for want of prosecution pursuant to Rule 165a. The trial
court ordered Sweed to appear at the mandatory July 23, 2003 dismissal hearing and then
dismissed the case on August 13, 2003 when Sweed did not appear.
           This case is plainly governed by Chapter 14 of the Civil Practice and Remedies
Code. The trial court was not required to honor Sweed’s request to appear at any hearing,
including a Section 14.003 dismissal hearing, held under that chapter. See Brewer, 2002
WL 1767218, at *2-3 (holding that trial court was not required to grant inmate’s request
made pursuant to Section 14.008 to attend dismissal hearing). However, the trial court
did not hold a hearing under Chapter 14 but instead held a dismissal hearing pursuant to
Rule 165a. Therefore, Section 14.008 is inapplicable. Nevertheless, it is fundamentally
unfair to order Sweed to appear at a mandatory dismissal hearing, ignore his request to
appear at the hearing either telephonically or by videoconference technology, and then
dismiss his case for the sole reason that he failed to appear at the mandatory hearing. 

Accordingly, I concur with the majority opinion’s conclusion that the trial court’s
dismissal order must be reversed and remanded to the trial court for further proceedings.
 

                                                                  ANN CRAWFORD McCLURE, Justice
July 8, 2004