COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




JAMES LEE SWEED,

                            Appellant,

v.

CITY OF EL PASO,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00287-CV

Appeal from the

210th District Court 

of El Paso County, Texas 

(TC# 2001-2729) 





O P I N I O N

           Appellant, James Lee Sweed, acting pro se, appeals the summary judgment granted
in favor of Appellee, City of El Paso, Texas (“City”). On appeal, Appellant contends that
the trial court erred by granting summary judgment in favor of the City and denying his
motion for summary judgment. Appellant further argues that the trial court erred in
dismissing Martin Sweed, deceased, and Martha Cox Sweed, deceased, from the suit. We
affirm the judgment of the trial court.
I. FACTUAL AND PROCEDURAL BACKGROUND
           On July 31, 2001, Appellant, appearing pro se, filed a petition against the City of El
Paso, naming himself and his deceased parents under a 42 U.S.C. § 1983 action. Appellant
claimed the City had wrongfully collected property taxes against himself and his parents for
the years 1988 through 1993 when the property in question was owned by another individual. 
The City filed an original answer and general denial on November 16, 2001. Among other
documents, Appellant filed a motion for summary judgment with brief in support on
November 25, 2002.
           On June 13, 2003, the trial court sent to the parties its notice of intent to dismiss for
want of prosecution, setting a dismissal hearing for July 23, 2003. Appellant filed his reply
to the notice on June 30, 2003, stating among other things that hearings and trial on the
merits should “be held by audio video tape because plaintiffs is confine [sic] in Texas
prison.” He also requested that the trial court set the case for trial on the merits.
           Nevertheless, on August 13, 2003, the trial court dismissed the case pursuant to Rule
165a of the Texas Rules of Civil Procedure. On August 29, 2003, Appellant filed his motion
for reinstatement, urging that the trial court knew or should have known that he was confined
in a Texas prison and had no way to appear for hearing other than through video technology
or by telephone. The trial court did not rule on this motion. In an opinion issued by this
Court on July 8, 2004, we found that the trial court had abused its discretion in dismissing
the case for want of prosecution and ordered the trial court’s dismissal order reversed and
remanded the case for further proceedings. See Sweed v. City of El Paso, 139 S.W.3d 450,
452-53 (Tex. App.--El Paso 2004, no pet.).
           The City then filed defendant’s original response to plaintiff’s motion for summary
judgment and defendant’s cross-motion for summary judgment. Thereafter, Appellant
responded by filing his reply to defendant’s original response to plaintiff’s motion for
summary judgment and defendant’s cross-motion for summary judgment. Without a hearing,
the trial entered a judgment dismissing Martin Sweed, deceased, and Martha Cox Sweed,
deceased, from the suit, denied Appellant’s summary judgment, and granted summary
judgment in favor of the City. This appeal follows.
II. DISCUSSION
           Without citing to supporting authority, in Issue No. One, Appellant contends the trial
court abused its discretion in granting the City’s motion for summary judgment and denying
Appellant’s motion for summary judgment. In Issue No. Two, Appellant contends the trial
court erred in dismissing Martin Sweed, deceased, and Martha Cox Sweed, deceased, from
the suit. Appellant further argues that his suit meets the elements for a class action
certification and that the trial court erred in not allowing him to represent the class.
           A pro se litigant is held to the same standard as licensed attorneys and must comply
with applicable laws and rules of procedure. Strange v. Cont’l Cas. Co., 126 S.W.3d 676,
677 (Tex. App.--Dallas 2004, pet. denied). On appeal, as at trial, the pro se appellant must
properly present its case. Id. at 678. The issue on appeal must state concisely all issues or
points presented for review. Tex. R. App. P. 38.1(e). Pursuant to the Rules of Appellate
Procedure, appellant’s brief must contain a succinct, clear, and accurate statement of the
arguments made in the body of the brief with appropriate citations to authorities and to the
record. Tex. R. App. P. 38.1(g) and 38.1(h). Rule 38 requires Appellant to provide us with
such discussion of the facts and the authorities relied upon as may be requisite to maintain
the point at issue. See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d
118, 128 (Tex. App.--Houston [1st Dist.] 2002, pet. denied); Franklin v. Enserch, Inc., 961
S.W.2d 704, 711 (Tex. App.--Amarillo 1998, no pet.). This is not done by merely uttering
brief conclusory statements, unsupported by legal citations. Tesoro Petroleum Corp., 106
S.W.3d at 128. An issue on appeal unsupported by argument or citation to legal authority
presents nothing for the court to review. Strange, 126 S.W.3d at 678.
           Appellant’s issues are minimally briefed and fall short of preserving error for review
by this Court. Appellant’s brief consists of three pages of argument, wherein he fails to cite
to the appropriate standard of review applicable to this case. Appellant further does not
attack the merits of the granting of the City’s motion for summary judgment, but merely
directs this Court’s attention to answers made to interrogatories in a previous lawsuit in cause
number 93-2885. Appellant’s argument for both of his issues does not cite to any cases
which support an appellate argument. See Tex. R. App. P. 38.1(h); Stephens v. Dolcefino,
126 S.W.3d 120, 125-26 (Tex. App.--Houston [1st Dist.] 2003, pet. denied); Franz v. Katy
Indep. Sch. Dist., 35 S.W.3d 749, 755 (Tex. App.--Houston [1st Dist.] 2000, no pet.). Given
the above, we find that Appellant has waived his complaints on appeal. Appellant has failed
to establish any basis for reversal of the trial court’s decision in his brief. Issue Nos. One and
Two are inadequately briefed and are overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice

June 15, 2006

Before Barajas, C.J., McClure, and Chew, JJ.