Reversed and Remanded and Memorandum Opinion filed June 22, 2006









Reversed
and Remanded and Memorandum Opinion filed June 22, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00886-CV

____________

 

IVO NABELEK, Appellant

 

V.

 

BILLY M. ALDRICH, Et. Al., Appellees

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 03-62775

 



 

M E M O R A N D U M  O P I N I O
N

Appellant Ivo Nabelek, appearing pro se, appeals from the
trial court=s judgment dismissing his suit for want of
prosecution.  Appellant contends, among
other things, that the trial court abused its discretion in denying his motion
to retain and motion to reurge his motion for default judgment against appellee
Billy M. Aldrich.  We conclude that the
trial court abused its discretion by denying Nabelek=s motion to retain
and dismissing his claims for want of prosecution.  Accordingly, we reverse the trial court=s order of
dismissal for want of prosecution and remand Nabelek=s claims to the
trial court for proceedings consistent with this opinion.








I. 
Procedural Background

Appellant Ivo Nabelek is an inmate of the Texas Department
of Criminal JusticeCInstitutional Division (ATDCJ-ID@).   In November 2003, he filed a pro se
complaint against appellee Billy M. Aldrich, a police officer who allegedly
arrested him in February 1993, and numerous other defendants.[1]  He alleged that, on and after his arrest, the
defendants did not inform him of his right, as an alien resident from the
Slovak Republic and former Czechoslovakia, to communicate with a consular
officer.  Nabelek asserted various claims
including violations of United States Code Title 42, sections 1981, 1983, and
1985;[2]
A[t]orts under
federal Constitution and laws@; torts under the
Texas Tort Claims Act;[3]
and negligence.  He sought declaratory
relief, $15 million in damages, attorney=s fees, and costs.

The trial court granted Nabelek=s motion for leave
to proceed in forma pauperis.[4]  On April 15, 2004, the district court trial
coordinator responded to an inquiry from Nabelek and informed him, ABilly M. Aldrich
was served on December 3, 2003.  No other
Defendants have been served at this time.@[5]








About two weeks later, on April 26, 2004, Nabelek filed a
motion for default judgment against Aldrich. 
In his notice of submission filed the same day, Nabelek stated the
motion was to be submitted Afor consideration
on May 10, 2004 . . . by written submission, and without necessity of oral
argument.@ 
The record does not contain an order from the trial court ruling on the
motion for default judgment.

On June 4, 2004, the trial court issued its first notice of
intent to dismiss this case for want of prosecution. In response to this
notice, on June 15, 2004, Nabelek filed (1) a combined motion to retain and
motion to reurge his motion for default judgment against Aldrich, which Nabelek
set for hearing on July 26, 2004, the deadline specified in the notice of
intent to dismiss, and (2) a motion for permission to appear by telephone at
the July 26, 2004 hearing and to order the clerk to set up a telephone link,
which Nabelek set for submission on June 28, 2004.  There is nothing in the record to indicate
that the trial court acted on Nabelek=s June 15, 2004
motions before issuing a second notice of intent to dismiss his suit for want
of prosecution.

On July 14, 2004, the trial court issued a second notice of
intent to dismiss.  This notice stated
that the case would be dismissed for want of prosecution unless a default
judgment or an answer was filed by August 9, 2004 or Nabelek filed a verified
motion to retain and appeared at an oral hearing on that motion on August 9,
2004 at 1:30 p.m.  On August 3, 2004,
Nabelek filed a motion reurging his previous motion for permission to appear by
telephone and his motion to retain and to reurge his motion for default
judgment.  Nabelek set this motion for
submission on August 9, 2004.  

On August 19, 2004, the trial court dismissed Nabelek=s claims for want
of prosecution.  By letter dated September
3, 2004, the trial court notified Nabelek it had (1) denied his request to
appear by telephone at the August 9, 2004 hearing on the notice of intent to
dismiss, (2) denied his motion to retain, and (3) signed an order dismissing
the case on August 19, 2004.  On
September 7, 2004, Nabelek filed a motion for reconsideration and a notice of
appeal. The motion for reconsideration was overruled by operation of law.[6]

II. Issues Presented

On appeal, Nabelek asserts the following issues:[7]

          (1)     Did the trial court Aerr and abuse its discretion@ by denying him all means and
avenues he pursued to prosecute his claims and by dismissing all of his claims
for want of prosecution?

(2)     Did
the trial court err in denying his motion for default judgment against Aldrich?


(3)     Did the trial court err in denying his motion to retain? 

(4)     Did
the trial court err in denying Nabelek=s motion to appear before the court by telephone or similar
means? and 

(5)     Did the trial court err in
Arefusing or
failing to hold and render a timely hearing and decision on [his] motion for
reconsideration and to re-instate the dismissed suit?@

III.  Analysis

 We
first address issue threeCNabelek=s contention that
the trial court abused its discretion in denying his motion to retainCbecause this
issue, if sustained, is dispositive of the appeal.   However, there are several issues that are
intertwined with this issue.  To
completely resolve this issue, we also must address issues one and four.  In issue one, Nabelek challenges the
dismissal for want of prosecution, which is connected with the motion to
retain. And, in issue four, Nabelek challenges the trial court=s denial of his
motion to appear by telephone at the dismissal hearing.

We review a dismissal for want of prosecution
under an abuse-of-discretion standard. See MacGregor v. Rich, 941 S.W.2d
74, 75 (Tex. 1997).  The test for abuse
of discretion is whether the trial court=s action was
arbitrary or unreasonable.  Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42 (Tex. 1985); see
Sweed v. City of El Paso, 139 S.W.3d 450, 452 (Tex. App.CEl Paso 2004, no
pet.) (invoking Downer test in context of reviewing dismissal for want
of prosecution).

A trial court may dismiss a case for want
of prosecution under either Texas Rule of Civil Procedure 165a or the court=s inherent
common-law authority.  Alexander v.
Linda=s Boutique, 134 S.W.3d 845,
850 (Tex. 2004).  AA trial court may
dismiss under Rule 165a on >failure of any
party seeking affirmative relief to appear for any hearing or trial of which
the party had notice,= . . . or when a case is >not disposed of
within the time standards promulgated by the Supreme Court. . . .=@  Villarreal v. San Antonio Truck &
Equip., 994 S.W.2d 628, 630 (Tex. 1999) (quoting Tex. R. Civ. P. 165a (1), (2)).  Under the common law, the trial court has an
inherent power to dismiss, independent of the rules of procedure, when a
plaintiff fails to prosecute his case with due diligence.  Id.  

In Nabelek=s combined motion,
which he set for hearing on August 9, 2004, Nabelek asked the trial court to
retain the case on its docket and to grant a default judgment against Aldrich,
who had been served but who had not answered. 
Although the motion was not verified, Nabelek included an unsworn
declaration, in which he stated, AI, undersigned Ivo
Nabelek, do declare under penalty of perjury, that the foregoing and
below-stated allegations are true and correct. 
I am presently being incarcerated at the TDCJ-ID Jim Ferguson Unit,
Madison County, Texas.@ 
Because Nabelek was an inmate, the unsworn declaration, which was in
writing and subscribed under penalty of perjury, served in lieu of a verification.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 132.001, 132.002
(Vernon 2005).








Before a court may dismiss a case for want
of prosecution, the court must give the party notice and an opportunity to be
heard.  Villarreal, 994 S.W.2d at
630.  Additionally, a court may not
dismiss for want of prosecution on a ground other than those for which it gave
notice of its intent to dismiss.  See
Villarreal, 994 S.W.2d at 632B33.  The notice of intent to dismiss referred only
to a motion to retain; it did not specify any particular content.  If the trial court had intended to require
that Nabelek, in his motion to retain, allege good cause or diligence in
prosecution to avoid dismissal, the notice needed to so state.  See id. (holding notice that informed
plaintiff that case would be dismissed only if the plaintiff did not appear and
announce ready could not be interpreted as giving notice of two grounds for
dismissal, that is, failure to announce ready and failure to use diligence in
prosecuting the case).  Therefore, to the
extent the trial court dismissed based on Nabelek=s failure to
allege good cause or diligence, the trial court abused its discretion.  See 3V, Inc. v. JTS Enters., Inc., 40
S.W.3d 533, 543B44 (Tex. App.CHouston [14th
Dist.] 2000, no pet.) (holding trial court abused its discretion when, under
the notice sent out, the trial court was precluded from dismissing this case
for any reason other than the failure to file a final order and trial court
also was precluded from dismissing the case for failure to file a final order
because requisite event had not occurred).

Because Nabelek filed the equivalent of a
verified motion to retain and set it for hearing on August 9, 2004 at 1:30
p.m., the only basis on which the trial court, consistent with its notice,
could have dismissed Nabelek=s claims was
Nabelek=s failure to
appear at the hearing on his motion to retain. 
Thus, we turn now to Nabelek=s Afailure@ to appear.

In response to the trial court=s first notice of
intent to dismiss, Nabelek filed a motion to appear by telephone and requested
the court to order the clerk to set up a telephone link.  Nabelek referred to the provision in the
notice making his appearance mandatory and explained he was imprisoned at the
TDCJ-ID, Jim Ferguson Unit, and could appear only by means of a telephone
conference hearing.  Nabelek resubmitted
that motion in response to the court=s second
notice.  By letter dated September 3,
2004, the trial court notified Nabelek it had denied his request to appear by
telephone for the hearing. 








The present case is analogous to Boulden
v. Boulden, 133 S.W.3d 884 (Tex. App.CDallas 2004, no
pet.).  In Boulden, the inmate
husband filed a petition for divorce and an affidavit of inability to pay
costs, with a declaration under Texas Civil Practices and Remedies Code Chapter
132.  Id. at 884; see Tex. Civ. Prac. & Rem. Code Ann. ' 132.001B.003 (Vernon
2005); Tex. R. Civ. P. 145.  Although the clerk was to have issued
citation, there was no record of citation being issued or served, and the wife
did not appear.  See Boulden, 144
S.W.3d at 885; see Tex. R. Civ.
P. 145 (1).

The trial court sent the inmate notice of
a dismissal hearing set for October 15, 2002, directing him to appear in person
before the court administrator prior to that date.  Boulden, 144 S.W.3d at 885.  The notice stated the court would dismiss the
case for want of prosecution under Texas Rule of Civil Procedure 165a unless
there was good cause to maintain the case on the docket.  Id. 
The notice further directed that the inmate should not telephone or
write for a continuance.  Id.  In response, the inmate filed a motion
seeking a bench warrant to appear in person at the hearing or alternatively,
for a hearing by conference call.  He
also filed a pauper=s affidavit requesting appointment of an
attorney ad litem and reiterating his financial condition.  Id. 
There was no record the trial court took any action on these
filings.  Id.  On October 24, 2001, the trial court signed
an order of dismissal for want of prosecution. 
Id.  The court of appeals
reversed, reasoning:








Litigants cannot be denied access
to the courts simply because they are inmates. 
By requiring a pro se inmate=s personal appearance at a hearing while not acting on that
inmate=s motion for a bench warrant or to
conduct the hearing by telephone conference or other means, the trial court
effectively closed its doors to the inmate. [The inmate] could not physically
appear in court and, as indicated in his filings with the court, could not
afford to retain an attorney to appear on his behalf.  Although there is no absolute right for an
inmate to appear in person in a civil case, where the trial court determines
personal appearance is not warranted, it should allow the inmate to proceed by
affidavit, deposition, telephone, or other effective means. [The inmate]
proposed alternative means of appearing such as appointment of an attorney ad
litem or conducting the dismissal hearing by conference call.  It appears that [the inmate] did everything
he could to respond to the trial court=s notice of dismissal. 
We conclude that under these circumstances, the trial court abused its
discretion by dismissing the case for want of prosecution.

 

Id. at 886B87 (citations and
footnotes omitted).

The trial court in the present case
required Nabelek=s presence at the dismissal hearing.  The trial court then, either by not acting on
Nabelek=s motion to appear
by telephone before the dismissal hearing or by denying the motion, essentially
closed the court=s doors to him.  We conclude that, under these circumstances,
the trial court abused its discretion by dismissing Nabelek=s claims against
all defendants, including Aldrich, for want of prosecution.  Accordingly, we sustain Nabelek=s first, third,
and fourth issues to the extent they challenge the trial court=s dismissal of his
claims for want of prosecution.  We
reverse the trial court=s order of dismissal for want of
prosecution and remand Nabelek=s claims to the
trial court for proceedings consistent with this opinion.[8]

 

 

/s/      Kem
Thompson Frost

Justice

 

Judgment rendered
and Memorandum Opinion filed June 22, 2006.

Panel consists of
Justices Hudson, Frost, and Seymore.                        











[1]  The other
named defendants included Investigator/Officer Reese (first name unknown) of
the Houston Police Department, the City of Houston, the City of Houston Police
Department, the Chief of the City of Houston Police Department sitting in
office between February 17, 1993 and May 12, 1994, the Mayor of the City of
Houston sitting in office between February 17, 1993 and May 12, 1994, the
District Attorney of Harris County, Texas sitting in office between February
17, 1993 and May 12, 1994, Harris County Assistant District Attorneys Marie
Munier and Denise Oncken, the State of Texas, the 351st Judicial District Court
of Harris County, Texas (with then presiding judge, the Honorable Lupe
Salinas), the 180th Judicial District Court of 
Harris County, Texas (with then presiding judges, the Honorable Patricia
Lykos and the Honorable Dan E. Walton), the Texas Department of Public Safety and
its official representatives sitting in office between February 17, 1993 and
May 12, 1994, the Sheriff of Harris County, Texas sitting in office between
February 17, 1993 and May 12, 1994, the Office of the Sheriff of Harris County,
Texas, and the United States of America. Nabelek also indicated other
defendants were to be specified upon the completion of discovery.





[2]  See 42
U.S.C. '' 1981, 1983, 1985.





[3]  See Tex. Civ. Prac. & Rem. Code Ann. '' 101.001B.109  (Vernon 2005).





[4]  See Tex. Civ. Prac. & Rem. Code Ann. '' 14.002 (Vernon 2002); Tex. R. Civ. P. 145.





[5]  The record
contains a return of service showing that Aldrich was served by certified mail
on  December 3, 2003.





[6]   See Tex. R. Civ. P. 329b(c).





[7]  No appellees= brief has been filed in this appeal.





[8]  Given our
resolution of these issues, we need not address Nabelek=s second and fifth issues.  Further, as to Nabelek=s second issue, our record does not contain any order
denying his motion for default judgment.