# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


### NO. 2-09-207-CV

MICHAEL DAVIS                                                    APPELLANT

V.

JERALD BARNETT, HARRY EDWARDS,                    APPELLEES
BRIAN TUCKER, JOHN BALDWIN, BRAD
LIVINGSTON, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, TEXAS TECH
UNIVERSITY HEALTH SCIENCES CENTER,
JOHN DOES 1-10, AND JANE DOES 1-10

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

Appellant Michael Davis, an inmate at the James V. Allred Unit of the Texas

Department of Criminal Justice ("TDCJ"), appeals the trial court's dismissal of his

suit with prejudice as frivolous under chapter 14 of the Texas Civil Practice and

---

[1] *See* Tex. R. App. P. 47.4.

Remedies Code. In two issues, Davis contends that the trial court erred by (1) dismissing his suit with prejudice as frivolous and (2) denying his request for emergency relief without a hearing. We will affirm.

## II. BACKGROUND

Davis's original petition alleges the following facts. In March 2008, Davis's tooth began hurting. Over the next five months, Davis's molar was ground down and the filling replaced at least twice. Davis's toothache continued. In August 2008, Jerald Barnett, the Allred Unit's dental director, diagnosed Davis with an abscessed molar and jaw infection and told Davis that failure to properly treat the jaw infection could result in Davis's death.

Barnett told Davis that a root canal and crown would enable him to keep his tooth, but that Barnett must extract the tooth because he is only allowed to perform root canals on anterior teeth, not molars, according to the Correctional Managed Health Care Policy Manual. Davis refused Barnett's recommendation to pull the tooth and offered to pay the cost of the root canal and crown procedure. Barnett placed Davis on antibiotics for his jaw infection and provided a form by which Davis could hire a private dentist to perform the root canal at Davis's expense.[2] Barnett informed Davis that the antibiotic treatment was a preventive measure and that it would not be in Davis's best interest to continue antibiotics for "long-term therapy."

---

[2] ... Davis alleges that despite numerous attempts, he and his family have been unable to locate a private dentist willing to come to the Allred Unit to perform the root canal.

Two weeks later, the antibiotics were discontinued despite Davis offering to pay the cost of the medication. Davis's subsequent request for a "pass" to permit him to eat more slowly than other inmates was denied, and Davis alleges that Barnett attempted to persuade Davis to sign a form refusing further medical treatment. Davis claims that he continues to suffer headaches and pain in his tooth and jaw.

Davis filed a Step 1 grievance on September 11, 2008, complaining of Barnett's refusal to perform a root canal and renew his prescription for antibiotics. On October 16, 2008, he received a response[3] detailing the prior conversations between Barnett and Davis, stating that Davis had refused to have his tooth extracted, and explaining that antibiotics were unnecessary because he had "no active infection." Davis filed a Step 2 grievance on October 28, 2010, and received a response "on or about December 12, 2008."

Davis filed a second Step 1 grievance on October 10, 2008, complaining that Barnett discontinued antibiotic therapy. On November 10, 2008, he received a response. Davis filed a second Step 2 grievance on November 17, 2008, and received a response "on or about December 16, 2008."

On December 29, 2008, Davis filed his original petition against Barnett, Edwards, Tucker, the TDCJ, and the Texas Tech University Health Sciences Center (TTUHSC) alleging negligence, civil conspiracy, and claims pursuant to 42 U.S.C.

---

[3] The response was signed by Harry Edwards, the Allred Unit's medical director, and initialed by Assistant Warden Tommy Norwood.

3

§ 1983 and the Texas Tort Claims Act.  On January 26, 2009, these defendants filed their original answer and a chapter 14 motion to dismiss.

On February 23, 2009, Davis filed a first amended petition in which he alleged the same causes of action and added TTUHSC President John Baldwin and TDCJ Executive Director Brad Livingston as defendants.  Baldwin filed his original answer and chapter 14 motion to dismiss on March 9, 2009.  The court granted Baldwin's motion and ordered all claims against Baldwin dismissed with prejudice on March 10, 2009.  On June 10, 2009, the court ordered all claims against Barnett, Edwards, Tucker, the TDCJ, and the TTUHSC dismissed with prejudice as frivolous pursuant to chapter 14 of the Texas Civil Practice and Remedies Code.[4]  This appeal followed.

### III.  Analysis

In his first issue, Davis contends that the trial court erred by dismissing his claims with prejudice as frivolous under chapter 14.  In his second issue, he

---

[4]... The trial court admits it failed to enter this order on March 2, 2009, after considering the Defendants' motion to dismiss and Davis's response to Defendants' answer and motion to dismiss.  No order dismissing Davis's causes of action against Livingston appears in the clerk's record.  However, the record does not reveal Livingston was served with citation or answered.  Thus, the trial court had no jurisdiction over Livingston.  *See Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985) (stating that for a court to have personal jurisdiction over a defendant, the plaintiff must evoke that jurisdiction by valid service of process on defendant).  However, we may consider this a discontinuance as to Livingston, and the judgment is to be regarded as final for the purposes of appeal.  *See Youngstown Sheet and Tube Co. v. Penn*, 363 S.W.2d 230, 232 (Tex. 1962); *see also Rape v. M.O. Dental Lab*, No. 02-01-00302-CV, 2003 WL 69534, at *2 (Tex. App.—Fort Worth Jan. 9, 2003), *rev'd on other grounds*, 139 S.W.3d 671 (Tex. 2004).

complains that the trial court erred by denying, without a hearing, his request for emergency relief.

## A. Chapter 14 of the Texas Civil Practice and Remedies Code

Chapter 14 applies when, as here, an inmate files suit in a district court and files an unsworn declaration of indigency. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002 (Vernon 2002). Under chapter 14, a trial court may dismiss an inmate's claim upon finding that a lawsuit is malicious or frivolous. *Id.* § 14.003 (Vernon 2002); *Leachman v. Dretke*, 261 S.W.3d 297, 303 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g). In making this determination, the court may consider whether:

> (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b). The trial court need not rely upon a defendant's motion to exercise its discretionary power to dismiss under chapter 14. *See id.* § 14.003(a); *Wilson v. TDCJ-ID*, 107 S.W.3d 90, 92 (Tex. App.—Waco 2003, no pet.).

### 1. Standard of Review

We review a dismissal under chapter 14 for an abuse of discretion. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476

5

U.S. 1159 (1986). A clear failure by the trial court to analyze or apply the law correctly is an abuse of discretion. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex.1995).

When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact, but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *See* Tex. Civ. Prac. & Rem.Code Ann. § 14.003; *Leachman*, 261 S.W.3d at 304. In conducting our review, we take as true the allegations in the inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *Leachman*, 261 S.W.3d at 304; *Harrison v. Tex. Dep't of Criminal Justice, Inst. Div.*, 164 S.W.3d 871, 875 (Tex. App.—Corpus Christi 2005, no pet.). A claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies. *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex.App.—Houston [14th Dist.] 2002, pet. denied). If an inmate fails to exhaust his administrative remedies, we may affirm a dismissal even if the ground was not presented in a motion to dismiss. Tex. Civ. Prac. & Rem. Code Ann. § 14.005 (Vernon 2002); *Retzlaff*, 94 S.W.3d at 653. Further, a claim has no arguable basis in law if it is an indisputably meritless legal theory. *Leachman*, 261 S.W.3d at 304.

**2. Davis Failed to Comply With Chapter 14's Requirements**

6

In his first issue, Davis contends that his pleadings complied with the procedural requirements of chapter 14 of the Texas Civil Practices & Remedies Code and that his claims are not frivolous. Appellees allege that Davis's claim has no arguable basis in law or fact because he failed to state a cause of action pursuant to 42 U.S.C. § 1983 or the Texas Tort Claims Act.

**a. Davis Failed to State a Cause of Action under 42 U.S.C. § 1983**

In order to state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008); *County of El Paso v. Dorado*, 180 S.W.3d 854, 862 (Tex. App.—El Paso 2005, pet. denied).

It is well settled that the Eighth Amendment to the Constitution protects inmates from "conditions so serious as to deprive [them] of the minimal measure of life's necessities." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). In the context of medical care, or lack of care, the Eighth Amendment prohibits the unnecessary and wanton infliction of pain or care repugnant to the conscience of mankind. *Estelle v. Gamble*, 429 U.S. 97, 104–06, 97 S. Ct. 285, 291–92 (1976); *County of El Paso*, 180 S.W.3d at 863 (holding that a prisoner's right to be free from jail officials' deliberate indifference to their serious medical needs springs from both procedural and substantive due process).

7

Not every claim of inadequate or improper medical treatment is a violation of the constitution, however. *Estelle*, 429 U.S. at 105–07, 97 S. Ct. at 291–92. An unsuccessful medical treatment, a disagreement between a physician and patient regarding treatment, or an "inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Id.* at 105–06, 97 S. Ct. at 291–92; *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (stating that "absent exceptional circumstances, a prisoner's disagreement with his medical treatment is not actionable under § 1983"); *County of El Paso*, 180 S.W.3d at 868 (holding that an inmate's disagreement with the kind of medical treatment he received is insufficient as a matter of law to state an Eighth Amendment violation). Similarly, a complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) (citing *Estelle*, 429 U.S. at 105, 97 S. Ct. at 291); *see Adames v. Perez*, 331 F.3d 508, 514 (5th Cir. 2003); *County of El Paso*, 180 S.W.3d at 866 (holding that actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference).

"[T]he facts underlying a claim of 'deliberate indifference' must clearly evince the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (citing *Woodall v. Foti*, 648 F.2d 268 (5th Cir.

8

1981)); *County of El Paso*, 180 S.W.3d at 863 (holding that an inmate must prove that a jail official was subjectively aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and that the jail official actually drew such an inference). Specifically, a plaintiff must demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson*, 759 F.2d at 1238); *County of El Paso*, 180 S.W.3d at 863. Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos*, 41 F.3d at 235 (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193–95 (5th Cir. 1993)); *County of El Paso*, 180 S.W.3d at 868.

Taking Davis's allegations as true, his petition fails to state a cause of action that would authorize relief as a matter of law. *See Leachman*, 261 S.W.3d at 304; *Harrison*, 164 S.W.3d at 875; *County of El Paso*, 180 S.W.3d at 868. The disagreement between Davis and Barnett about the treatment of Davis's tooth does not state a valid claim of medical mistreatment actionable under § 1983. *See Hall*, 190 F.3d at 697; *see also Banuelos*, 41 F.3d at 235; *County of El Paso*, 180 S.W.3d at 868. A review of the record shows that Davis failed to demonstrate through his pleadings or medical records that Barnett and the other Appellees were aware of, and consciously disregarded, the risk of further injury or death to Davis. *See Farmer*

9

*v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994). There is no indication that Appellees refused to treat Davis, ignored Davis's complaints, or intentionally treated Davis incorrectly. *See Domino*, 239 F.3d at 756; *County of El Paso*, 180 S.W.3d at 863. Instead, the record reveals that Barnett treated Davis's tooth on multiple occasions, prescribed antibiotics that healed the infection, and offered to extract the tooth to prevent Davis from having further problems. When Davis declined Barnett's recommended treatment, Barnett provided Davis the forms to arrange for a root canal and crown to be performed by a private dentist.

Based on these facts, we do not find any basis for a claim of official dereliction that Appellees refused to treat Davis, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *See Johnson*, 759 F.2d at 1238; *see also County of El Paso*, 180 S.W.3d at 863. Thus, we conclude that Davis's § 1983 claim has no basis in law or in fact because Barnett and Davis simply disagreed about his medical treatment. *See* Tex. Civ. Prac. & Rem. Code § 14.003(b); *Banuelos*, 41 F.3d at 235; *County of El Paso*, 180 S.W.3d at 868. Because our determination that the trial court did not abuse its discretion in dismissing Davis's claims with prejudice as frivolous under chapter 14 is dispositive, we need not address Davis's additional arguments regarding how his pleadings complied with chapter 14's procedural requirements. *See* Tex. R. App. P. 47.1.

10

### b. Davis Failed to State Cause of Action Under Texas Tort Claims Act

As governmental entities and employees, Appellees are entitled to sovereign immunity. *See* Tex. Civ. Prac. & Rem. Code § 101.106 (Vernon 2005); *see also Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996). The Texas Tort Claims Act provides a limited waiver of sovereign immunity, allowing suits to be brought against governmental units only in certain, narrowly defined circumstances. *Tex. Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). Therefore, "we must look to the terms of the Act to determine the scope of its waiver," and then we must consider the specific facts of each case to determine whether it comes within that scope. *Id.* (citing *Clark*, 923 S.W.2d at 584).

The Texas Tort Claims Act provides that "[a] governmental unit in the state is liable for . . . personal injury . . . so caused by a condition or use of tangible personal . . . property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021 (Vernon 2005). The Texas Supreme Court has distinguished claims involving the failure to use, or the non-use of property, which do not waive sovereign immunity, from claims involving a "condition or use" of tangible personal property that causes injury, which do effect a waiver. *Id.*; *compare Kerrville State Hosp.*, 923 S.W.2d at 584–86 (failure to prescribe medications which allegedly could have prevented the injury is non-use thus not within the waiver), *with Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 300 (Tex.

11

1976) (furnishing football uniform lacking proper protective device for player's knee injury is misuse thus within the waiver).

Here, Appellees contend that Davis, in essence, alleged only the non-use of tangible personal property and an error in medical judgment, neither of which are within the statutory waiver. "Use" means "to put or bring into action or service; to employ for or apply to a given purpose." *Tex. Natural Res. & Conservation Comm'n v. White*, 46 S.W.3d 864, 869 (Tex. 2001); *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989). Appellees did "bring into . . . service" and "employ" various drugs and medical equipment while treating Davis, but the fact that some property is merely involved is not enough. *See Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 342 (Tex. 1998). Using that property must have actually caused the injury. *See White*, 46 S.W.3d at 869. The property "used" on Davis did not cause any injury. Davis's claim is an allegation only of negligence, not of "use" of tangible personal property that "caused" injury. *See Miller*, 51 S.W.3d at 588. Thus, we conclude that Davis has not demonstrated waiver of sovereign immunity and that his allegation pursuant to the Texas Tort Claims Act has no basis in law or in fact. *See* Tex. Civ. Prac. & Rem. Code § 14.003(b).

Having determined that Davis's allegations have no basis in law or fact, we hold that the trial court did not abuse its discretion in dismissing his claims under § 1983 or the Texas Tort Claims Act. We overrule his first issue.

12

**B. Trial Court May Deny Request for Emergency Relief Without a Hearing**

In his second issue, Davis alleges that the trial court abused its discretion by denying, without a hearing, his request for emergency relief. Specifically, Davis sought temporary injunctive relief from the trial court by ordering Appellees to provide him with antibiotics, permission to eat more slowly than other inmates, and dental services that would fix his tooth, as well as to refrain from retaliating against him.

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id.* Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Id.*

Similarly, it is within the trial court's discretion whether to hold a hearing. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c). The statute uses the word "may," but a hearing is not required prior to a trial court dismissing the claim if it finds that it is frivolous. *Id.* More specifically, under chapter 14, the trial court may hold a dismissal hearing pursuant to Section 14.003, "with or without notice to the inmate, with or without the submission of evidence, and with or without the inmate's requested presence via video teleconference." *Sweed v. City of El Paso*, 139 S.W.3d 450, 454 (Tex. App.—El Paso 2004, no pet.); *Williams v. Tex. Dept. of Criminal Justice-Institutional Div.*, No. 01-05-01177-CV, 2007 WL 1412885, at *3

13

(Tex. App.—Houston [1st Dist.] May 10, 2007, no pet.) (mem. op.).  Accordingly, the trial court did not abuse its discretion in denying Davis's request for emergency relief without a hearing.  We overrule Davis's second issue.

## IV.  Conclusion

Having overruled Davis's two issues, we affirm the trial court's dismissal.


ANNE GARDNER
JUSTICE

PANEL:  LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  August 5, 2010