COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

RODNEY JOHN RAMIREZ,      §

     Appellant,      §

v.      §

GLORIA LETICIA RAMIREZ,      §

     Appellee.      §

     §

No. 08-09-00252-CV

Appeal from the

383rd District Court

of El Paso County, Texas

(TC# 2004CM4551)

## **MEMORANDUM OPINION**

Appellant/respondent Rodney John Ramirez, a *pro se* prisoner, appeals the order of the 383rd District Court dismissing his divorce petition. In a single issue, he claims that the trial court erred in denying his motion for default judgment and dismissing his divorce action. We reverse and remand for further proceedings.

### **FACTS**

Rodney John Ramirez filed his petition for divorce on July 19, 2004. On August 25, 2004, he filed his motion for bench warrant to final hearing and in the alternative, motion for hearing by conference call and in the alternative, motion for acceptance of affidavit of testimony and affidavit of testimony. Respondent Gloria Ramirez was served by certified/RRR mail on October 1, 2004. On November 29, 2004 Appellant Ramirez filed his declaration for entry of default and motion for entry of default judgment and petitioner's itemized list of community property (asset's) [sic]. On May 11, 2007, Appellant Ramirez sent the district clerk a notice of change of address to another unit of TDCJ-CID. On July 24, 2007, he sent a letter asking for a copy of the docket sheet for the case. On August 21, 2009 the trial court dismissed the case without prejudice. The order does not state

whether it was made under TEX. R. CIV. P. 165a or under the court's inherent power.[1] There are no other orders of the court reflected in the record. Ramirez has appealed the dismissal. Appellant Gloria Ramirez has not filed a brief in this Court.

## STANDARD OF REVIEW

We review the trial court's dismissal of a case for want of prosecution under an abuse of discretion standard. *Sweed v. City of El Paso*, 139 S.W.3d 450, 451-52 (Tex. App. – El Paso 2004, no pet.). A trial court abuses its discretion where it acts in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles. *Id.* at 452.

### Dismissal without ruling on inmate's request to appear

In his sole issue on appeal, Ramirez urges that it was an abuse of discretion for the trial court to deny his motion for default judgment and to dismiss the divorce. We agree that the trial court abused its discretion by dismissing this case.

A trial court has authority to dismiss a case for want of prosecution under Rule of Civil Procedure 165a or the court's inherent power to maintain and control its docket. *Id.* This authority of the court, however, is not without reasonable limits. *Id.* An inmate has a constitutional right to access the civil trial courts, but this right is not without limits, either, particularly reasonable limitations on the right to appear in person for a civil case. *Id.* In considering an inmate's right to appear, courts follow a balancing approach, weighing the preservation of the correctional system's integrity against the prisoner's right of access with the goal of achieving fundamentally fair balance. *Id.* Where the court has determined that the inmate will not be allowed to appear personally,

---

[1] There is no indication in the clerk's record that the trial court ever gave Ramirez notice of its intent to dismiss this case, nor does the docket sheet contain any entry that would reflect such notice. On appeal, however, Appellant makes no complaint with regard to notice. Under TEX. R. CIV. P. 165a, the clerk has an affirmative duty to give notice, but no duty to affirmatively show in the record that such notice was given. Nevertheless, as Appellant makes no complaint regarding notice, we assume that appropriate notice was given and received before dismissal was entered.

however, the inmate should be allowed to proceed by affidavit, deposition, telephone, videoconference, or other effective means. *Id.*

A trial court's refusal to consider and rule upon a prisoner's request to appear in a civil proceeding personally or by other means, such that the inmate has been effectively barred from presenting his case, constitutes an abuse of discretion. *In re B.R.G.,* 48 S.W.3d 812, 820 (Tex. App. – El Paso 2001, no pet.). The trial court abuses its discretion when it requires an inmate to appear at a hearing, while not acting on his motion for bench warrant or to appear by several alternate means, thus effectively closing the courthouse doors. *In re Marriage of Bolton,* 256 S.W.3d 832, 833-34 (Tex. App. – Dallas 2008, no pet.). Here, Ramirez informed the court of his incarceration and requested leave to appear by bench warrant or by alternative means. The trial court never ruled on this request. Rather, the court simply dismissed the case. The court abused its discretion when it dismissed the case for want of prosecution under these circumstances. *Sweed,* 139 S.W.3d at 453; *In re Marriage of Buster,* 115 S.W.3d 141, 145 (Tex. App. – Texarkana 2003, no pet.).

## CONCLUSION

The dismissal order is reversed, and the case is remanded for further proceedings.


SUSAN LARSEN, Justice (former)

August 31, 2010

Before Chew, C.J., McClure, J., and Larsen, J.
Larsen, J. (sitting by assignment)