**John Morgan WILSON, Appellant,**

v.

**TDCJ–ID, Appellee.**

**No. 10–02–149–CV.**

Court of Appeals of Texas, Waco.

April 16, 2003.

John Morgan Wilson, Gatesville, pro se.

Susan M. Stith, Asst. Atty. Gen., Austin, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

This appeal involves a pro-se *in forma pauperis* suit that was dismissed under Chapter Fourteen of the Texas Civil Practice and Remedies Code (TCPRC). We affirm the judgment.

## I. Background

John Morgan Wilson filed suit against the Texas Department of Criminal Justice, Institutional Division (TDCJ–ID), and twelve employees, both in their individual and official capacities. His allegations include the refusal to provide dental treatment and various civil rights violations. The TDCJ–ID filed an answer and a motion to dismiss, pointing to, *inter alia*, Wilson's lack of compliance with the requirements of Chapter Fourteen of the TCPRC. Specifically, Wilson did not provide the court with an affidavit or unsworn declaration listing his previous lawsuits. TEX. CIV. PRAC. & REM.CODE ANN § 14.004(a)(2) (Vernon 2002). In addition, he failed to provide an affidavit or unsworn declaration of exhaustion of administrative remedies. *Id.* § 14.005(a)(1) (Vernon 2002). The trial court ordered that Wilson's petition be dismissed as frivolous. Wilson appeals to this Court in what we interpret as a single issue: whether the trial court abused its discretion in dismissing Wilson's claims.

## II. Standard of Review

Chapter Fourteen of the TCPRC applies to *in forma pauperis* suits brought

by inmates, and therefore to this case. *Id.* § 14.002 (Vernon 2002). We have held that the proper review of a dismissal under Chapter Fourteen is controlled by an abuse of discretion standard. *Hickson v. Moya,* 926 S.W.2d 397, 398 (Tex.App.-Waco 1996, no writ). This standard requires that we determine whether the trial court acted without reference to any guiding rule or principle. *Id.* We will use this standard in considering the issues before us.

### III. Dismissal of claims under Chapter Fourteen

■ In his sole issue, Wilson first contends that his affidavit of previous lawsuits was sent with his original petition, but was erroneously returned by the clerk's office. In his appellant's brief he indicates that he has attached the affidavit, but it was not attached. In his original petition there is no indication that such an affidavit was included. In fact, he states in that petition that he "understand[s] I am prohibited from brin[g]ing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a court of the United States while incarcerated or detained in any facility [in] which lawsuit[s] are dismissed on the grounds they were frivolous, malicious or fail[ ] to state a claim...." Nowhere does it say that a supporting affidavit is attached. In his appellant's brief, Wilson lists two previous lawsuits, but gives no recitation of the operative facts involved in the suits. If this listing represents the content of his supporting affidavit, it is inadequate in that it does not state the "operative facts for which relief was sought." TEX. CIV. PRAC. & REM.CODE ANN § 14.004(a)(2)(A) (Vernon 2002). This requirement is intended to reduce duplicative inmate litigation by allowing the trial court to determine, "based on previous filings, whether the inmate has filed similar claims and whether the current suit is frivolous." *White v. State,* 37 S.W.3d 562, 565 (Tex.App.-Beaumont 2001, no pet.). Wilson's failure to comply with the statute entitles the trial court to presume the current suit is frivolous and to dismiss the suit. *Id.* We hold that the trial court did not abuse its discretion in dismissing Wilson's claims as frivolous.

■ Wilson next argues that the trial court's order did not dispose of his claims against the individual defendants he named in his suit because the TDCJ–ID, alone, filed the motion to dismiss. The trial court need not rely upon a motion of the defendant in order to exercise its discretionary power to dismiss under Chapter Fourteen. *See McCollum v. Mt. Ararat Baptist Church,* 980 S.W.2d 535, 537 (Tex. App.-Houston [14th Dist.] 1998, no pet.). In fact, section 14.003 specifically states that a "court may dismiss a claim, either before or after service of process." TEX. CIV. PRAC. & REM.CODE ANN § 14.003(a) (Vernon 2002). We hold that the trial court's dismissal of Wilson's petition was as to all the parties.

The trial court's order of dismissal is affirmed.