IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00253-CV

 

Abner Leonard Washington,

                                                                      Appellant

 v.

 

TEXAS DEPARTMENT OF CRIMINAL

jUSTICE, INSTITUTIONAL DIVISION,

Polunsky Unit, CHUCK BISCOE,

WARREN
R. WORTHY, JAMES E.

JONES,
AND DR. JOHNNY MASON, JR.

                                                                      Appellees

 

 

 



From the 411th District Court

Polk County, Texas

Trial Court No. CIV 21498

 



MEMORANDUM  Opinion



 








Introduction

 








          Appellant Abner Washington, an inmate
in the Texas Department of Criminal Justice (TDCJ), at the Polunsky Unit in
Livingston, Texas, filed a pro se suit in forma pauperis against TDCJ,
various TDCJ officials and employees, and Johnny Mason, Jr., DDS, alleging
claims for “trover and conversion” and medical (dental) negligence in district
court on May 28, 2004.  In an order dated June 23, 2004, the trial court sua
sponte dismissed the suit as frivolous under Chapter 14 of the Texas
Civil Practice and Remedies Code, which governs inmate litigation.

Background

Washington, a self-described “jailhouse lawyer,”
claimed that TDCJ, through its officials and employees, wrongfully seized and
destroyed his collection of legal and other materials, including legal books,
copies of his criminal trial records, copies of all of his previously filed
state and federal civil suits, thousands of case citations, copies of law
books, copies of a parole plan packet, copies of his medical records, and trial
records pertaining to three other inmates.  Washington pled that the value of
the destroyed materials is between $3,500 and $5,000.

On his dental malpractice claim, Washington alleges that Dr. Mason failed to prescribe him an adequate amount of pain
medication for a broken tooth that needed extraction.  He asserts that Dr.
Mason prescribed pain medication that lasted for only five days, but Washington had to wait twenty-five days before his broken tooth was actually extracted.  Washington alleges that during this time period in which he did not have pain medication, he
suffered physical pain and suffering and mental anguish.

The trial court dismissed Washington’s suit, finding
that he failed to satisfy section 14.004 of the Texas Civil Practice and
Remedies Code.  Washington appeals, raising four issues.




Standard of Review

          When an inmate plaintiff files an
affidavit of inability to pay to proceed in forma pauperis, the trial
court has broad discretion to dismiss the suit as frivolous or malicious.  Tex. Civ. Prac. & Rem. Code Ann. §§
14.002(a), 14.003(a)(2), (b)(2) (Vernon 2002); Perales v. Kinney, 891
S.W.2d 731, 733 (Tex. App.—Houston [1st Dist.] 1994, no writ).  Generally, the
dismissal of inmate litigation under Chapter 14 is reviewed for abuse of
discretion.  Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996,
no writ).

Affidavit or Declaration Relating to Previous
Filings

          In his first issue, Washington asserts
that the trial court abused its discretion in dismissing his claim as frivolous
because of his failure to comply with Chapter 14’s filing requirements.  Section
14.004 requires an inmate proceeding in forma pauperis to file an
affidavit or unsworn declaration that specifically identifies all other pro se
lawsuits brought by the inmate.  Tex.
Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon 2002).  That section
provides:

(a) An inmate who files an affidavit or unsworn declaration of
inability to pay costs shall file a separate affidavit or declaration:

 

(1) identifying each suit, other than a suit
under the Family Code, previously brought by the person and in which the person
was not represented by an attorney, without regard to whether the person was an
inmate at the time the suit was brought; and

 

(2) describing each suit that was previously
brought by:

(A) stating the operative facts for which relief
was sought;

(B) listing the case name, cause number, and the
court in which the suit was brought;

(C) identifying each party named in the suit; 
and

(D) stating the result of the suit, including
whether the suit was dismissed as frivolous or malicious under Section 13.001
or Section 14.003 or otherwise.

 

(b) If the affidavit or unsworn declaration
filed under this section states that a previous suit was dismissed as frivolous
or malicious, the affidavit or unsworn declaration must state the date of the
final order affirming the dismissal.

 

(c) The affidavit or unsworn declaration must be
accompanied by the certified copy of the trust account statement required by
Section 14.006(f).

 

Id.

 

          The purpose of section 14.004 is to
reduce duplicative inmate litigation by allowing the trial court to determine,
based on previous filings, whether the inmate has filed similar claims and
whether the current suit is frivolous.  Wilson v. Tex. Dep’t Crim.
Justice-Inst. Div., 107 S.W.3d 90, 92 (Tex. App.—Waco 2003, no pet.).

          Specifically, the trial court found
that Washington failed to fully describe each previous suit, failed to state
the operative facts for which relief was sought for each previous suit, failed
to list the style, cause number, and court for each previous suit, failed to
identify each party named in each previous suit, failed to state the dates of
the final orders affirming the dismissal of each previous suit dismissed as
frivolous or malicious under sections 13.001 or 14.003, and failed to file a
certified copy of his inmate trust account statement with his affidavit or
declaration relating to previous filings.

The trial court dismissed Washington’s case
pursuant to section 14.003(b)(4), which provides that in determining whether a
claim is frivolous or malicious, the court may consider whether “the claim is
substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.”  Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(b)(4) (Vernon 2002).  If
an inmate fails to comply with section 14.004’s filing requirement, the trial
court may assume that the inmate had previously filed substantially similar
suits and that his current suit is therefore frivolous.  Gowan v. Tex. Dep’t Crim. Justice, 99 S.W.3d 319, 322 (Tex. App.—Texarkana 2003, no pet.); Hall
v. Treon, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet.).

          In reviewing the dismissal of Washington’s suit, we are bound to take as true the allegations in his petition.  Jackson v. Tex. Dep’t Crim. Justice-Inst. Div., 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied).  Thus, we accept as true for purposes of
reviewing the dismissal order Washington’s allegation that his legal materials
were wrongfully destroyed by prison officials and employees.  Importantly, Washington claims in his unsworn declaration relating to previous filings that among the
legal materials that were destroyed and whose destruction is the basis for his
“trover and conversion” claim are the documents that have the information he
needs to comply with section 14.004.  Washington’s declaration states:

4.     
I have previously filed the
following law suits in which I was not represented by an attorney, and the
suits were not brought under the Texas Family Code:

 

A.               
WASHINGTON v. Dretke, § 1983 42 U.S.C. [sic] E.D. Tex.
Tyler 1987-88

B.                
WASHINGTON v. GARNER, § 1983 42 US.C. [sic] E.D. Tex.
Tyler 1987-88

C.               
WASHINGTON v. COOK, Houston County State Court 1996

D.               
WASHINGTON v. PEREZ, Bee County State Court 1997

E.                
WASHINGTON v. TINSLEY, Houston S.D. Tex. 1992

F.                
WASHINGTON v. COOK, Harris County, State Court 1994;

G.               
WASHINGTON v. COLLINS, E.D. Tex. Tyler 1986-88.

 

I do not have the cause numbers or operative
facts and information in the above listed cases due to the fact such
documentations were destroyed in my legal property by the defendants in this
case.

 

          However, all the above cases were
dismissed as frivolous and failure to state a claim on which relief could be
granted based on the conclusion that the plaintiff could not proof [sic]
facts in support of his claims.  The cases were filed in either a state or
federal court in Tyler Texas or Lufkin Texas, Houston, Harris and Bee Counties, under the above name and numbers.  There are possibly at least two (2) more
federal cases which I have forgotten names of the entitled defendants.

 

          An inmate may “substantially” comply
with section 14.004 to avoid dismissal.  See Jackson v. Tex. Dep’t Crim.
Justice, 2004 WL 1933532 at *2 (Tex. App.—Amarillo Aug. 31, 2004, no pet.) (mem.
op.) (inmate who did not provide name of previous filing substantially complied
with § 14.004); Gowan, 99 S.W.3d at 322 (inmate who did not provide
cause number for previous filing because he did not know it substantially
complied with § 14.004); Obadele v. Johnson, 60 S.W.3d 345, 348 (Tex.
App.—Houston [14th Dist.] 2001, no pet.) (applying “substantial compliance”
standard (citing Stratton v. Austin Indep. Sch. Dist., 8 S.W.3d 26, 31 (Tex. App.—Austin 1999, no pet.) (stating, in context of reviewing agency’s decision,
deviation from requirements of statute that does not seriously hinder
legislature’s purpose in imposing requirement is substantial compliance)).

          Among the documents that Washington claims were destroyed and that are the basis of his “trover and conversion”
claim are the very documents that he understandably states he needs to fully comply
with section 14.004.  Solely because of this alleged circumstance do we hold
that Washington’s declaration on previous filings substantially complies with
section 14.004.  Such a holding in this case does not hinder the legislative
purpose for section 14.004, given that Washington’s substantially compliant
declaration establishes that the allegations in this case are not duplicative
of previous litigation.  Moreover, our holding will deter the unlawful destruction
of inmates’ legal records.  Cf. United States v. Leon, 468 U.S. 897, 917-22, 104 S.Ct. 3405, 3417-19, 82 L.Ed.2d 677 (1984) (discussing exclusionary
rule’s purpose of deterring unlawful police conduct).  Under the specific facts
of this case, the trial court abused its discretion in dismissing Washington’s claim for failure to comply with section 14.004.

          Additionally, the clerk’s record
reveals that Washington’s inmate trust account statement was filed on June 9,
2004, two weeks before the trial court dismissed his case.  Washington alleged
in a motion to set aside the dismissal order that his inmate trust account
statement was not filed with his petition because the prison law library
supervisor refused to provide it to him within 31 days of his grievance
response.  See Tex. Civ. Prac.
& Rem. Code Ann. § 14.005(b) (Vernon 2002) (trial court “shall
dismiss a claim if the inmate fails to file the claim before the 31st day after
the date the inmate receives the written decision from the grievance system”).[1] 
Regardless, because the statement was filed on June 9, 2004—two weeks before
the dismissal order was signed—we hold that Washington substantially complied
with section 14.004(c) under the circumstances and that the trial court abused
its discretion to the extent that it dismissed Washington’s claim because he initially
failed to file his inmate trust account statement with his declaration on
previous filings.  Cf. Williams v. Brown, 33 S.W.3d 410, 411-12 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (affirming dismissal because inmate’s trust
account statement not in appellate record); Spellmon v. Zeller, 2002 WL
31096753 at *1 (Tex. App.—Beaumont Sept. 19, 2002, pet. denied) (unpublished) (affirming
dismissal because inmate’s filing of his trust account statement with his notice
of appeal did not cure preexisting defect on which trial court’s dismissal
order was based).

          We sustain Washington’s first issue.  Because
of our disposition of the first issue, we need not address Washington’s three
other issues.  See Tex. R. App.
P. 47.1.

 

Conclusion

          Because, under the specific allegations in this case, we find that
the trial court abused its discretion, we reverse the trial court’s order
dismissing Washington’s cause and remand the case to the trial court for
further proceedings.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Reversed
and remanded

Opinion
delivered and filed June 22, 2005

[CV06]









    [1]       While
there is no allegation or evidence that the prison official intentionally
delayed in providing Washington with his inmate trust account statement in
order to prejudice Washington’s claim, a prison official could theoretically
thwart an inmate from filing either his claim or his inmate trust account
statement—thus setting up the inmate’s case for dismissal under section
14.005(b)—by not timely providing the inmate with his inmate trust account
statement.