NO. 07-07-0111-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 11, 2007
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ______________________________

IN RE NATHAN FELDER, RELATOR
_________________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Relator, Nathan Felder, has filed a Motion for Leave to File Application for Writ of
Mandamus and Petition for Writ of Mandamus


 in which relator requests this Court order
respondents, Terri Banks (Dallam County District Clerk), Luann Taylor (District Clerk),
Shelly Burnett (69th District Court Reporter), and Mike Carlisle (69th District Court Reporter),
to respond to Felderâs correspondence requesting a copy of the clerkâs record or,
specifically, âa complete copy of the Jury Empanelment list of the twelve jurors and the two
alternatives,â in the cause in which Felder was convicted.


 We deny the petition.
Â Â Â Â Â Â Â Â Â Â Felderâs âMotion for Leaveâ fails to establish his entitlement to mandamus relief. A
court of appeals has authority to issue writs of mandamus against district and county court
judges within the court of appealsâs district and all writs necessary to enforce its jurisdiction. 
Tex. Govât Code Ann. Â§ 22.221(a), (b) (Vernon 2004). However, none of the respondents
identified by Felder are judges. As a result, the named respondents are not within our
jurisdictional reach and we have no authority to issue a writ of mandamus against them
absent a showing that issuance of the writ is necessary to enforce our jurisdiction. In re
Cummins, 2004 WL 1948048, at *1 (Tex.App.âAmarillo 2004, orig. proceeding) (mem. op.);
In re Coronado, 980 S.W.2d 691, 692 (Tex.App.âSan Antonio 1998, orig. proceeding). 
Felder does not identify how issuance of the writ of mandamus against the named
respondents would be necessary to enforce our jurisdiction. 
Â Â Â Â Â Â Â Â Â Â As Felderâs Motion for Leave to File Application for Writ of Mandamus and Petition
for Writ of Mandamus does not identify any basis upon which this court would have
authority to issue a writ of mandamus, we deny the petition.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Mackey K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice



Â 






 Locked="false" Priority="69" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 3 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00055-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



AUGUST
16, 2011

Â 



Â 

PERRY JOHNSON, APPELLANT

Â 

v.

Â 

LISA A. CONNER, ET AL., APPELLEES



Â 



Â 

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

Â 

NO. 4622-H; HONORABLE RON ENNS, JUDGE



Â 



Â 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Â 

MEMORANDUM OPINION

   Appellant,
Perry Johnson, an inmate proceeding pro
se, sued Texas Department of Criminal Justice (TDCJ) officials, Lisa A.
Conner and Sandra Murphy, alleging their actions deprived him of his
constitutional right to due process of law.Â 
The trial court dismissed his claims against Conner and Murphy on the
basis that those claims were frivolous.Â 
He maintains the trial court abused its discretion by so finding.Â  We will affirm.

Â 

Â 

Factual and Procedural History

According to Johnson, he was
convicted of a disciplinary violation in case number 2010026065.Â  At some point after the decision was rendered
in that case, Johnson listened to a recording of that hearing.Â  He understood the timetable for appealing
that decision to permit him to appeal the conviction by filing a grievance
within fifteen days of listening to the recording.Â  He says that he attempted to appeal his
disciplinary conviction by filing grievance number 2010182233.Â  According to his petition, his attempted
appeal was returned to him unprocessed.

Johnson filed suit alleging that
Conner, unit grievance investigator at the Dalhart Unit, and Murphy,
administrator of the TDCJ Offender Grievance Program, interpreted and applied
the TDCJ policy in such a way as to deprive him of due process of law.Â  The trial court dismissed his appeal as
frivolous, which, on appeal, Johnson contends was an abuse of discretion.

Applicable Law and Standard of Review

Chapter 14 of the Texas Civil
Practice and Remedies Code applies to an inmateÂs suit in which an affidavit or
unsworn declaration of inability to pay costs is filed by the inmate.Â  See Tex.
Civ. Prac. & Rem. Code Ann. Â§ 14.002 (West 2002).Â  Among the several grounds on which a trial
court may dismiss such a suit is the finding that the inmateÂs suit is
frivolous or malicious.Â  See id.
Â§ 14.003(a)(2) (West 2002).Â  In
determining whether a claim is frivolous or malicious, the trial court may
consider whether (1) the claimÂs realistic chance of ultimate success is
slight, (2) the claim has no arguable basis in law or in fact, (3) it is clear
that the party cannot prove facts in support of the claim, or (4) the claim is
substantially similar to a previous claim filed by the inmate because the claim
arises from the same operative facts.Â  Id.
Â§ 14.003(b).Â  A claim has no arguable
basis in law if the inmate has failed to exhaust his administrative
remedies.Â  Hamilton v. Williams,
298 S.W.3d 334, 339Â40 (Tex.App.ÂFort Worth 2009, pet. denied) (citing Leachman
v. Dretke, 261 S.W.3d 297, 311 (Tex.App.ÂFort Worth 2008, no pet.), and Retzlaff
v. Tex. DepÂt of Crim. Justice, 94 S.W.3d 650, 653 (Tex.App.ÂHouston [14th
Dist.] 2002, pet. denied)).Â  If an inmate
fails to exhaust his administrative remedies, we may affirm a dismissal even if
that ground was not presented in a motion to dismiss.Â  Id. at 340 (citing Retzlaff, 94
S.W.3d at 653).

We review a trial courtÂs dismissal
of a lawsuit brought by an inmate who had filed an affidavit or declaration of
inability to pay costs for an abuse of discretion.Â  In re Douglas, 333 S.W.3d 273, 293
(Tex.App.ÂHouston [1st Dist.] 2010, pet. denied).Â  Under this standard of review, the appellant
inmate must show that the trial courtÂs action was arbitrary or unreasonable in
light of all the circumstances in the case.Â 
Id.Â  While, generally, we
review a dismissal of inmate litigation under Chapter 14 for an abuse of discretion,
we review de novo the specific
question whether there was an arguable basis in law for an inmateÂs
claims.Â  Id. 

Analysis

Â Â Â Â Â Â Â Â Â Â Â  Johnson
maintains that the trial court abused its discretion by dismissing his
suit.Â  In four sub-issues, he presents
two bases for his contention: (1) the trial court could not have granted the
Office of the Attorney GeneralÂs ÂadvisoryÂ because the Office of the Attorney
General (OAG) identified itself as amicus
curiae in the litigation, and (2) the trial court abused its discretion
when it concluded that JohnsonÂs suit was frivolous due, in part, to the trial
courtÂs misinterpretation of the relief he requested.

OAG as Amicus Curiae

Â Â Â Â Â Â Â Â Â Â Â  Johnson
contends that the trial court did not have the authority to dismiss his claim
based on the ÂadvisoryÂ submitted to the trial court by the OAG.Â  He maintains that, because the OAG identified
itself as amicus curiae, the trial
court could not have acted on its Âadvisory.ÂÂ 
From the combined answer and motion to dismiss or Âadvisory,Â it is unclear
the OAGÂs intended role.Â  The OAG did
identify itself as amicus curiae, but
then it goes on to identify the document as defendantÂs answer and motion to
dismiss and signs the document as ÂAttorney for Defendants.ÂÂ  

As Johnson ably points out, a true amicus curiae is without interest in the
proceeding in which it appears.Â  See
In re Wingfield, 171 S.W.3d 374, 381 (Tex.App.ÂTyler 2005, orig.
proceeding) (citing Burger v. Burger, 298 S.W.2d 119, 120Â21 (Tex.
1957)).Â  An amicus curiae is a ÂbystanderÂ whose mission is to aid the court,
to act only for the benefit of the court.Â 
Id.Â  An amicus curiae is a person or entity Âwho
is not a party to a lawsuit but who petitions the court or is requested by the
court to file a brief in the action because that person has a strong interest
in the subject matter.ÂÂ  BlackÂs Law Dictionary 98 (9th ed.
2009).

The OAG had the statutory authority,
if not the duty, to represent Conner and Murphy, as public servants.Â  See Tex.
Civ. Prac. & Rem. Code Ann. Â§ 104.004 (West 2011); Mason v. Wood,
282 S.W.3d 189, 192 (Tex.App.ÂBeaumont 2009, no pet.).Â  If the OAG filed the combined answer and
motion in furtherance of such representation, then the trial court could have
granted the motion to dismiss.Â  If, on
the other hand, the OAG was acting as amicus
curiae, then the trial court could have entertained the issues it raised as
friend of the trial court.Â  See Mason,
282 S.W.3d at 191 (concluding that trial court could consider issues raised in
OAGÂs Âadvisory,Â filed as amicus curiae
per trial courtÂs order, but ultimately observing that OAGÂs submission was, in
fact, an answer and motion to dismiss on behalf of defendants).Â  So, the trial court could have granted a
motion to dismiss filed by the OAG on behalf of a defendant, and it could have
entertained issues or questions raised by the OAG as friend of the court.Â  However, neither scenario must necessarily
present itself to invest the trial court with the authority to dismiss
JohnsonÂs claims.

The trial courtÂs exercise of its
discretionary power to dismiss sua sponte
under Chapter 14 does not depend on a defendant filing a motion to
dismiss.Â  See Gross v. Carroll,
339 S.W.3d 718, 722 (Tex.App.ÂHouston [1st Dist.] 2011, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. Â§
14.003(a)); Wilson v. TDCJ-ID, 107 S.W.3d 90, 92 (Tex. App.ÂWaco 2003,
no pet.) (citing McCollum v. Mt. Ararat Baptist Church, 980 S.W.2d 535,
537 (Tex.App.ÂHouston [14th Dist.] 1998, no pet.)).Â  Simply put, without regard to the motion to
dismiss or Âadvisory,Â the trial court had the authority to dismiss JohnsonÂs
claims as frivolous.Â  Any error
associated with considering the OAGÂs submission after it identified itself as amicus curiae would not have caused the
rendition of an improper judgment.Â  See
Tex. R. App. P. 44.1(a).

While it initially strikes us as
curiously inconsistent that the OAG would identify itself as amicus curiae in the trial court at the
same time it purported to represent one of the defendants, we note that the
instant case presents a situation in which the trial court has been granted
specific authority to dismiss an inmateÂs litigation under Chapter 14 either
before or after service and on a partyÂs motion or the trial courtÂs own
motion.Â  See Tex. Civ. Prac. & Rem. Code Ann. Â§
14.003(a), (c).Â  With that, we need not
determine the precise capacity in which the OAG participated in this litigation
or the propriety of considering anything submitted by the OAG in such capacity.Â  Regardless of the capacity in which the OAG
appeared before the trial court, the trial court was authorized to dismiss
JohnsonÂs suit as frivolous.

The Trial CourtÂs Determination that
Claims Were Frivolous

Â Â Â Â Â Â Â Â Â Â Â  According
to JohnsonÂs petition, he was found to have committed a disciplinary violation
in disciplinary case number 2010026065.Â 
Under his interpretation of TDCJ policy, he had fifteen days after he
listened to the recording of the hearing in that case to appeal his disciplinary
conviction.Â  Based on that interpretation,
Johnson sought to appeal his disciplinary conviction in case number 2010026065
by filing grievance number 2010182233.Â 
But, he claims, according to TDCJÂs application of the policy, his
attempted appeal was returned to him unprocessed as untimely.Â  Johnson claims that Conner and Murphy
persisted in their misinterpretation and misapplication of TDCJ policy and, in
doing so, denied him due process of law by depriving him of his ability to
appeal his disciplinary conviction in case number 2010026065.

Johnson has failed to establish that
he exhausted his administrative remedies with respect to the factual basis for
his allegations.Â  See Tex. Civ. Prac. & Rem. Code Ann. Â§ 14.005(a)
(West 2002).Â  In his claims against
Conner and Murphy, Johnson maintains that he was denied the right to appeal the
disciplinary conviction in case number 2010026065 by TDCJ officialÂs Ârefusal
to processÂ his grievance number 2010182233.Â 
Included in the record before us are a number of completed grievance
forms and correspondence advancing JohnsonÂs interpretation of TDCJ policy in
relation to those grievances.Â  However, we do not find in the record any
copy of the grievance at issue, number 2010182233.

An inmate may not file a claim in
state court regarding operative facts for which the TDCJ grievance system
provides the exclusive administrative remedy until the inmate receives a
written decision issued by the highest authority provided for in the grievance
system, or the 180th day after the date the grievance is filed, if the inmate
has not received a written decision.Â  Tex. GovÂt Code Ann. Â§ 501.008(d) (West
2004).Â  An inmate who files a claim that
is subject to the grievance system must file an affidavit stating the date a
grievance was filed and the date a written decision was received,[1]
along with a copy of the written decision.Â 
See Tex. Civ. Prac. &
Rem. Code Ann. Â§ 14.005(a); Bishop v. Lawson, 131 S.W.3d 571, 574
(Tex.App.ÂFort Worth 2004, pet. denied).Â 
If the inmate fails to file a claim within thirty-one days of receiving
a final decision from the grievance system, the trial court must dismiss the
suit.Â  Id. Â§ 14.005(b); Wolf v.
Tex. DepÂt of Crim. Justice, 182 S.W.3d 449, 450 (Tex.App.ÂTexarkana 2006,
pet. denied).

Here, though Johnson claims to have
been denied the right to appeal case number 2010026065, from the record neither
we nor the trial court could determine whether he sought or received a final
administrative decision on the particular issues on which he based his
allegations against Conner and Murphy.Â 
Based on the information and record provided, a court could not
determine when the identified grievance was filed, the subject matter of that
grievance, and when or if there was a final administrative ruling on the
matters raised.Â  Therefore, it was impossible
for the trial court to conclude that Johnson had exhausted his administrative
remedies or had filed his lawsuit within thirty-one days of receipt of a final
administrative determination.Â  Regardless
of whether the trial court misinterpreted the nature of the relief Johnson
requested, the trial court could have concluded that Johnson failed to
establish that he exhausted his administrative remedies.Â  Accordingly, the trial court did not abuse
its discretion by dismissing the suit.Â  See
Hamilton, 298 S.W.3d at 340.Â  We
overrule JohnsonÂs point of error. 

Conclusion

Â Â Â Â Â Â Â Â Â Â Â  Having
overruled JohnsonÂs point of error, we affirm the trial courtÂs judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice








Â 











[1] We note that JohnsonÂs affidavit concerning exhaustion of
administrative remedies fails to provide all of the information required by
Section 14.005(a).Â  While he does include
relevant dates regarding correspondence he alleges to have sent to Murphy, he
does not refer to any relevant dates regarding the filing or disposition of
grievance number 2010182233.