In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-08-00401-CV


 _____________________



DONALD RAY MCCRAY, Appellant



V.



CHARLOTTE BOOKER
, Appellee






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-166,991






MEMORANDUM OPINION


 Donald McCray, an inmate at a state correctional facility, appeals from the trial
court's Chapter 14 dismissal of his pro se, in forma pauperis suit against Charlotte Booker,
attorney with the Texas Department of Protective and Regulatory Services. See Tex. Civ.
Prac. & Rem. Code Ann. §§ 14.003(a)(2), 14.004 (Vernon 2002). 

 From our reading of McCray's petition, he appears to plead that certain investigatory
records (pertaining to him and kept by the Department) were stolen, and that Booker, the
attorney for the TDPRS, is responsible for the records being missing. McCray describes the
records as "files, reports, communications and working papers used or developed in an
investigation of child abuse or neglect, or in providing services as a result of an investigation
. . . ." He also alleges that Booker slandered his reputation and that she was involved in
concealing criminal records and documents linked to the investigation and in keeping him
from reviewing the records "by refusing to have the records redacted." McCray requested
compensatory and punitive damages from Booker. On appeal, McCray further asserts that
Chapter 14 of the Civil Practice and Remedies Code does not apply to him, because he sued
Booker under the Family Code. See Tex. Civ. Prac. & Rem. Code Ann. § 14.002(b)
(Vernon 2002); Tex. Fam. Code Ann. §§ 261.201, 261.402 (Vernon 2008). 

 Booker filed an answer and a motion to dismiss McCray's suit. She asserted the
Department had investigated sexual abuse allegations that resulted in McCray's
incarceration. She further alleged that McCray, while incarcerated, requested documents
from the Department's sexual abuse investigation, and that, as a Department attorney, she
processed McCray's request for documents. 

 We address McCray's argument that Chapter 14 does not govern his suit because it
falls under the Family Code. Section 14.002(b) of Chapter 14 provides that "[t]his chapter
does not apply to an action brought under the Family Code." Tex. Civ. Prac. & Rem. Code
Ann. § 14.002(b). In his petition, McCray references two Family Code sections, 261.201
and 261.402. See Tex. Fam. Code Ann. §§ 261.201, 261.402. Section 261.201 identifies
what information is confidential and not subject to public release, and sets out a procedure
for seeking disclosure of the information. See § 261.201. Section 261.402 contains
provisions relating to investigative reports the State is required to keep on file. See §
261.402. These sections do not provide a complete structure for liability or contain a
description of what conduct will result in liability or an express statement of the elements of
a cause of action. See generally Gentry v. Squires Constr., Inc., 188 S.W.3d 396, 404 (Tex.
App.--Dallas 2006, no pet.). Sections 261.201 and 261.402 do not separately or expressly
create a private cause of action for McCray to sue Charlotte Booker concerning any records
kept by the State regarding McCray or for any of the other complaints McCray alleges
against Booker. This is not a suit under the Texas Family Code that would be excluded from
the provisions of Chapter 14. 

 Chapter 14 governs inmate litigation when an inmate files suit in a district court and
files an unsworn declaration of indigency. Leachman v. Dretke, 261 S.W.3d 297, 303 (Tex.
App.--Fort Worth 2008, no pet.). A trial court may dismiss an inmate's suit for failure to
comply with the chapter's procedural requirements, and it may dismiss a suit that is frivolous
or malicious. Id. (citing Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)). We review a
dismissal under Chapter 14 under an abuse of discretion standard. Id. "The trial court need
not rely upon a defendant's motion to exercise its discretionary power to dismiss under
chapter fourteen." Id. (citing § 14.003(a)); Wilson v. TDCJ-ID, 107 S.W.3d 90, 92 (Tex.
App.--Waco 2003, no pet.)).

 McCray has not complied with the requirements of Chapter 14. He has not filed a
certified copy of his trust account. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.004(c),
14.006(f) (Vernon 2002). He also has not provided affidavits with sufficient information
identifying his previously filed claims. See Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a),
(b) (Vernon 2002). Of the approximately thirty previous filings that he lists, few, if any, state
the operative facts for which relief was sought. He lists one suit against Charlotte Booker
and provides no operative facts.

 Because McCray failed to comply with the procedural requirements of Chapter 14,
we overrule his appellate issues. See generally Carson v. Walker, 134 S.W.3d 300, 302-03
(Tex. App.--Amarillo 2003, pet. denied). No decision has been made on the merits. 
Accordingly, we reform the judgment to reflect the cause is dismissed "without prejudice." 
As reformed, the judgment is affirmed. 

 AFFIRMED AS REFORMED. 


 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on August 6, 2009

Opinion Delivered August 27, 2009


Before McKeithen, C.J., Gaultney and Horton, JJ.