COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-09-207-CV

 

 

MICHAEL DAVIS                                                                                APPELLANT

 

                                                             V.

 

JERALD BARNETT, HARRY
EDWARDS,                                            APPELLEES

BRIAN TUCKER, JOHN BALDWIN, BRAD 

LIVINGSTON, TEXAS DEPARTMENT OF 

CRIMINAL JUSTICE, TEXAS TECH 

UNIVERSITY HEALTH SCIENCES CENTER, 

JOHN DOES 1-10, AND JANE DOES 1-10

 

                                                       ------------

 

                FROM
THE 30TH DISTRICT COURT OF WICHITA COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
INTRODUCTION








Appellant
Michael Davis, an inmate at the James V. Allred Unit of the Texas Department of
Criminal Justice (ATDCJ@),
appeals the trial court=s dismissal of his suit with
prejudice as frivolous under chapter 14 of the Texas Civil Practice and
Remedies Code.  In two issues, Davis
contends that the trial court erred by (1) dismissing his suit with prejudice as
frivolous and (2) denying his request for emergency relief without a
hearing.  We will affirm.

II. 
BACKGROUND

Davis=s
original petition alleges the following facts. 
In March 2008, Davis=s tooth
began hurting.  Over the next five
months, Davis=s molar was ground down and the
filling replaced at least twice.  Davis=s
toothache continued.  In August 2008,
Jerald Barnett, the Allred Unit=s dental
director, diagnosed Davis with an abscessed molar and jaw infection and told
Davis that failure to properly treat the jaw infection could result in Davis=s
death.  








Barnett
told Davis that a root canal and crown would enable him to keep his tooth, but
that Barnett must extract the tooth because he is only allowed to perform root
canals on anterior teeth, not molars, according to the Correctional Managed
Health Care Policy Manual.  Davis refused
Barnett=s
recommendation to pull the tooth and offered to pay the cost of the root canal
and crown procedure.  Barnett placed
Davis on antibiotics for his jaw infection and provided a form by which Davis
could hire a private dentist to perform the root canal at Davis=s
expense.[2]  Barnett informed Davis that the antibiotic
treatment was a preventive measure and that it would not be in Davis=s best
interest to continue antibiotics for Along-term
therapy.@  Two weeks later, the antibiotics were
discontinued despite Davis offering to pay the cost of the medication.  Davis=s subsequent
request for a Apass@ to
permit him to eat more slowly than other inmates was denied, and Davis alleges
that Barnett attempted to persuade Davis to sign a form refusing further
medical treatment.  Davis claims that he
continues to suffer headaches and pain in his tooth and jaw. 

Davis
filed a Step 1 grievance on September 11, 2008, complaining of Barnett=s refusal
to perform a root canal and renew his prescription for antibiotics.  On October 16, 2008, he received a response[3]
detailing the prior conversations between Barnett and Davis, stating that Davis
had refused to have his tooth extracted, and explaining that antibiotics were
unnecessary because he had Ano active
infection.@ 
Davis filed a Step 2 grievance on October 28, 2010, and received a
response Aon or about December 12, 2008.@ 

Davis
filed a second Step 1 grievance on October 10, 2008, complaining that Barnett
discontinued antibiotic therapy.  On
November 10, 2008, he received a response. 
Davis filed a second Step 2 grievance on November 17, 2008, and received
a response Aon or about December 16, 2008.@








On
December 29, 2008, Davis filed his original petition against Barnett, Edwards,
Tucker, the TDCJ, and the Texas Tech University Health Sciences Center (TTUHSC)
alleging negligence, civil conspiracy, and claims pursuant to 42 U.S.C. ' 1983 and
the Texas Tort Claims Act.  On January
26, 2009, these defendants filed their original answer and a chapter 14 motion
to dismiss.  

On
February 23, 2009, Davis filed a first amended petition in which he alleged the
same causes of action and added TTUHSC President John Baldwin and TDCJ
Executive Director Brad Livingston as defendants.  Baldwin filed his original answer and chapter
14 motion to dismiss on March 9, 2009. 
The court granted Baldwin=s motion
and ordered all claims against Baldwin dismissed with prejudice on March 10,
2009.  On June 10, 2009, the court
ordered all claims against Barnett, Edwards, Tucker, the TDCJ, and the TTUHSC
dismissed with prejudice as frivolous pursuant to chapter 14 of the Texas Civil
Practice and Remedies Code.[4]  This appeal followed. 

III. 
Analysis








In his
first issue, Davis contends that the trial court erred by dismissing his claims
with prejudice as frivolous under chapter 14. 
In his second issue, he complains that the trial court erred by denying,
without a hearing, his request for emergency relief. 

A.  Chapter 14 of the Texas Civil Practice and
Remedies Code

Chapter
14 applies when, as here, an inmate files suit in a district court and files an
unsworn declaration of indigency.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 14.002
(Vernon 2002).  Under chapter 14, a trial
court may dismiss an inmate=s claim
upon finding that a lawsuit is malicious or frivolous.  Id. ' 14.003
(Vernon 2002); Leachman v. Dretke, 261 S.W.3d 297, 303 (Tex. App.CFort
Worth 2008, no pet.) (op. on reh=g).  In making this determination, the court may
consider whether: 

(1) the claim=s realistic chance of
ultimate success is slight; (2) the claim has no arguable basis in law or in
fact; (3) it is clear that the party cannot prove facts in support of the
claim; or (4) the claim is substantially similar to a previous claim filed by
the inmate because the claim arises from the same operative facts.  

 

Id. ' 14.003(b).  The trial court need not rely upon a
defendant=s motion to exercise its
discretionary power to dismiss under chapter 14.  See id. '
14.003(a); Wilson v. TDCJ‑ID, 107 S.W.3d 90, 92 (Tex. App.CWaco
2003, no pet.).

1.  Standard of Review








We review
a dismissal under chapter 14 for an abuse of discretion.  Bishop v. Lawson, 131 S.W.3d 571, 574
(Tex. App.CFort Worth 2004, pet.
denied).  To determine whether a trial
court abused its discretion, we must decide whether the trial court acted
without reference to any guiding rules or principles; in other words, we must
decide whether the act was arbitrary or unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241B42 (Tex.1985), cert. denied,
476 U.S. 1159 (1986).  A clear failure by
the trial court to analyze or apply the law correctly is an abuse of
discretion.  McDaniel v. Yarbrough,
898 S.W.2d 251, 253 (Tex.1995).

When an
inmate=s lawsuit
is dismissed as frivolous for having no basis in law or in fact, but no fact
hearing is held, our review focuses on whether the inmate=s lawsuit
has an arguable basis in law.  See
Tex. Civ. Prac. & Rem.Code Ann. ' 14.003; Leachman,
261 S.W.3d at 304.  In conducting our
review, we take as true the allegations in the inmate=s
petition and review the types of relief and causes of action set out therein to
determine whether, as a matter of law, the petition stated a cause of action
that would authorize relief.  Leachman,
261 S.W.3d at 304; Harrison v. Tex. Dep't of Criminal Justice, Inst. Div.,
164 S.W.3d 871, 875 (Tex. App.CCorpus
Christi 2005, no pet.).  A claim has no
arguable basis in law if the inmate has failed to exhaust his administrative
remedies.  Retzlaff v. Tex. Dep't of
Criminal Justice, 94 S.W.3d 650, 653 (Tex.App.CHouston
[14th Dist.] 2002, pet. denied).  If an
inmate fails to exhaust his administrative remedies, we may affirm a dismissal
even if the ground was not presented in a motion to dismiss.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.005
(Vernon 2002); Retzlaff, 94 S.W.3d at 653.  Further, a claim has no arguable basis in law
if it is an indisputably meritless legal theory.  Leachman, 261 S.W.3d at 304. 

2. Davis
Failed to Comply With Chapter 14=s
Requirements








 In his first issue, Davis contends that his
pleadings complied with the procedural requirements of chapter 14 of the Texas
Civil Practices & Remedies Code and that his claims are not frivolous.  Appellees allege that Davis=s claim
has no arguable basis in law or fact because he failed to state a cause of
action pursuant to 42 U.S.C. ' 1983
or the Texas Tort Claims Act. 

a.  Davis Failed to State a Cause of Action under
42 U.S.C. ' 1983

In order
to state a claim under ' 1983, a plaintiff must (1)
allege a violation of a right secured by the constitution or laws of the United
States and (2) demonstrate that the alleged deprivation was committed by a
person acting under color of state law.  James
v. Tex. Collin County, 535 F.3d 365, 373 (5th Cir. 2008); County of El
Paso v. Dorado, 180 S.W.3d 854, 862 (Tex. App.CEl Paso
2005, pet. denied).

It is
well settled that the Eighth Amendment to the Constitution protects inmates
from Aconditions
so serious as to deprive [them] of the minimal measure of life=s
necessities.@ 
Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).  In the context of medical care, or lack of
care, the Eighth Amendment prohibits the unnecessary and wanton infliction of
pain or care repugnant to the conscience of mankind.  Estelle v. Gamble, 429 U.S. 97, 104B06, 97 S.
Ct. 285, 291B92 (1976); County of El Paso,
180 S.W.3d at 863 (holding that a prisoner=s right
to be free from jail officials=
deliberate indifference to their serious medical needs springs from both
procedural and substantive due process). 









Not every
claim of inadequate or improper medical treatment is a violation of the
constitution, however.  Estelle,
429 U.S. at 105B07, 97 S. Ct. at 291B92.  An unsuccessful medical treatment, a
disagreement between a physician and patient regarding treatment, or an Ainadvertent
failure to provide adequate medical care cannot be said to constitute >an
unnecessary and wanton infliction of pain= or to be
>repugnant
to the conscience of mankind.=@  Id. at 105B06, 97 S.
Ct. at 291B92; Banuelos v. McFarland,
41 F.3d 232, 235 (5th Cir. 1995) (stating that Aabsent
exceptional circumstances, a prisoner=s
disagreement with his medical treatment is not actionable under ' 1983@); County
of El Paso, 180 S.W.3d at 868 (holding that an inmate=s
disagreement with the kind of medical treatment he received is insufficient as
a matter of law to state an Eighth Amendment violation).  Similarly, a complaint Athat a
physician has been negligent in diagnosing or treating a medical condition does
not state a valid claim of medical mistreatment under the Eighth Amendment.@  Hall v. Thomas, 190
F.3d 693, 697 (5th Cir. 1999) (citing Estelle, 429 U.S. at 105, 97 S.
Ct. at 291); see Adames v. Perez, 331 F.3d 508, 514 (5th Cir. 2003); County
of El Paso, 180 S.W.3d at 866 (holding that actions and decisions by
officials that are merely inept, erroneous, ineffective, or negligent do not
amount to deliberate indifference).








A[T]he
facts underlying a claim of >deliberate
indifference= must clearly evince the medical
need in question and the alleged official dereliction.@  Johnson v. Treen, 759 F.2d 1236, 1238 (5th
Cir. 1985) (citing Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981)); County
of El Paso, 180 S.W.3d at 863 (holding that an inmate must prove that a
jail official was subjectively aware of facts from which an inference could be
drawn that a substantial risk of serious harm existed and that the jail
official actually drew such an inference). 
Specifically, a plaintiff must demonstrate that prison officials Arefused
to treat him, ignored his complaints, intentionally treated him incorrectly, or
engaged in any similar conduct that would clearly evince a wanton disregard for
any serious medical needs.@  Domino v. Tex. Dep't of Criminal Justice,
239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson, 759 F.2d at 1238); County
of El Paso, 180 S.W.3d at 863. 
Medical records of sick calls, examinations, diagnoses, and medications
may rebut an inmate=s allegations of deliberate
indifference.  Banuelos, 41 F.3d
at 235 (citing Mendoza v. Lynaugh, 989 F.2d 191, 193B95 (5th
Cir. 1993)); County of El Paso, 180 S.W.3d at 868.   








Taking
Davis=s
allegations as true, his petition fails to state a cause of action that would
authorize relief as a matter of law.  See
Leachman, 261 S.W.3d at 304; Harrison, 164 S.W.3d at 875; County
of El Paso, 180 S.W.3d at 868.  The
disagreement between Davis and Barnett about the treatment of Davis=s tooth
does not state a valid claim of medical mistreatment actionable under '
1983.  See Hall, 190 F.3d at 697; see
also Banuelos, 41 F.3d at 235; County of El Paso, 180 S.W.3d at
868.  A review of the record shows that
Davis failed to demonstrate through his pleadings or medical records that
Barnett and the other Appellees were aware of, and consciously disregarded, the
risk of further injury or death to Davis. 
See Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977
(1994).  There is no indication that
Appellees refused to treat Davis, ignored Davis=s
complaints, or intentionally treated Davis incorrectly.  See Domino, 239 F.3d at 756; County
of El Paso, 180 S.W.3d at 863. 
Instead, the record reveals that Barnett treated Davis=s tooth
on multiple occasions, prescribed antibiotics that healed the infection, and offered
to extract the tooth to prevent Davis from having further problems.  When Davis declined Barnett=s
recommended treatment, Barnett provided Davis the forms to arrange for a root
canal and crown to be performed by a private dentist.

Based on
these facts, we do not find any basis for a claim of official dereliction that
Appellees refused to treat Davis, ignored his complaints, intentionally treated
him incorrectly, or engaged in any similar conduct that would clearly evince a
wanton disregard for any serious medical needs. 
See Johnson, 759 F.2d at 1238; see also County of El
Paso, 180 S.W.3d at 863.  Thus, we
conclude that Davis=s ' 1983
claim has no basis in law or in fact because Barnett and Davis simply disagreed
about his medical treatment.  See
Tex. Civ. Prac. & Rem. Code ' 14.003(b);
Banuelos, 41 F.3d at 235; County of El Paso, 180 S.W.3d at
868.  Because our determination that the
trial court did not abuse its discretion in dismissing Davis=s claims
with prejudice as frivolous under chapter 14 is dispositive, we need not
address Davis=s additional arguments regarding
how his pleadings complied with chapter 14>s
procedural requirements.  See Tex.
R. App. P. 47.1.   








b.  Davis
Failed to State Cause of Action Under Texas Tort Claims                  Act

 

As
governmental entities and employees, Appellees are entitled to sovereign
immunity.  See Tex. Civ. Prac.
& Rem. Code ' 101.106 (Vernon 2005); see
also Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 584 (Tex. 1996).  The Texas Tort Claims Act provides a limited
waiver of sovereign immunity, allowing suits to be brought against governmental
units only in certain, narrowly defined circumstances.  Tex. Dept. of Criminal Justice v. Miller,
51 S.W.3d 583, 587 (Tex. 2001). 
Therefore, Awe must look to the terms of the
Act to determine the scope of its waiver,@ and then
we must consider the specific facts of each case to determine whether it comes
within that scope.  Id. (citing Clark,
923 S.W.2d at 584).








The Texas
Tort Claims Act provides that A[a]
governmental unit in the state is liable for . . . personal injury . . . so
caused by a condition or use of tangible personal . . . property if the
governmental unit would, were it a private person, be liable to the claimant
according to Texas law.@ 
Tex. Civ. Prac. & Rem. Code ' 101.021
(Vernon 2005).  The Texas Supreme Court
has distinguished claims involving the failure to use, or the non‑use of
property, which do not waive sovereign immunity, from claims involving a Acondition
or use@ of
tangible personal property that causes injury, which do effect a waiver. Id.;
compare Kerrville State Hosp., 923 S.W.2d at 584B86
(failure to prescribe medications which allegedly could have prevented the
injury is non‑use thus not within the waiver), with Lowe v. Tex. Tech
Univ., 540 S.W.2d 297, 300 (Tex. 1976) (furnishing football uniform lacking
proper protective device for player=s knee
injury is misuse thus within the waiver). 


Here,
Appellees contend that Davis, in essence, alleged only the non‑use of
tangible personal property and an error in medical judgment, neither of which
are within the statutory waiver.  AUse@ means Ato put or
bring into action or service; to employ for or apply to a given purpose.@  Tex. Natural Res. & Conservation Comm=n v.
White, 46 S.W.3d 864, 869 (Tex. 2001); Mount Pleasant Indep. Sch. Dist.
v. Estate of Lindburg, 766 S.W.2d 208, 211 (Tex. 1989).  Appellees did Abring
into . . . service@ and Aemploy@ various
drugs and medical equipment while treating Davis, but the fact that some
property is merely involved is not enough. 
See Dallas County Mental Health and Mental Retardation v. Bossley,
968 S.W.2d 339, 342 (Tex. 1998).  Using
that property must have actually caused the injury.  See White, 46 S.W.3d at 869.  The property Aused@ on Davis
did not cause any injury.  Davis=s claim
is an allegation only of negligence, not of Ause@ of
tangible personal property that Acaused@ injury.  See Miller, 51 S.W.3d at 588.  Thus, we conclude that Davis has not
demonstrated waiver of sovereign immunity and that his allegation pursuant to
the Texas Tort Claims Act has no basis in law or in fact.  See Tex. Civ. Prac. & Rem. Code ' 14.003(b).   

         Having
determined that Davis=s allegations have no basis in
law or fact, we hold that the trial court did not abuse its discretion in
dismissing his claims under ' 1983 or
the Texas Tort Claims Act.  We overrule
his first issue.  








B.  Trial Court May Deny Request for Emergency
Relief Without a Hearing   

In his
second issue, Davis alleges that the trial court abused its discretion by
denying, without a hearing, his request for emergency relief.  Specifically, Davis sought temporary
injunctive relief from the trial court by ordering Appellees to provide him
with antibiotics, permission to eat more slowly than other inmates, and dental
services that would fix his tooth, as well as to refrain from retaliating
against him.  

The
purpose of a temporary injunction is to preserve the status quo of the
litigation=s subject matter pending a trial
on the merits.  Butnaru v. Ford Motor
Co., 84 S.W.3d 198, 204 (Tex. 2002). A temporary injunction is an
extraordinary remedy and does not issue as a matter of right.  Id. 
Whether to grant or deny a temporary injunction is within the trial
court=s sound
discretion.  Id.  








Similarly,
it is within the trial court=s
discretion whether to hold a hearing. 
Tex. Civ. Prac. & Rem. Code Ann. '
14.003(c).  The statute uses the word Amay,@ but a
hearing is not required prior to a trial court dismissing the claim if it finds
that it is frivolous.  Id.  More specifically, under chapter 14, the
trial court may hold a dismissal hearing pursuant to Section 14.003, Awith or
without notice to the inmate, with or without the submission of evidence, and
with or without the inmate=s
requested presence via video teleconference.@  Sweed v. City of El Paso, 139 S.W.3d
450, 454 (Tex. App.CEl Paso 2004, no pet.); Williams
v. Tex. Dept. of Criminal Justice‑Institutional Div., No. 01‑05‑01177‑CV,
2007 WL 1412885, at *3 (Tex. App.CHouston
[1st Dist.] May 10, 2007, no pet.) (mem. op.). 
Accordingly, the trial court did not abuse its discretion in denying
Davis=s request
for emergency relief without a hearing. 
We overrule Davis=s second issue.  

IV. 
Conclusion

Having
overruled Davis=s two issues, we affirm the trial
court=s
dismissal. 

 

ANNE GARDNER

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER
and WALKER, JJ.

 

DELIVERED:  August 5, 2010











[1]See Tex. R. App. P. 47.4.





[2]Davis alleges that despite
numerous attempts, he and his family have been unable to locate a private
dentist willing to come to the Allred Unit to perform the root canal. 





[3]The response was signed by
Harry Edwards, the Allred Unit=s medical director, and initialed by Assistant
Warden Tommy Norwood. 





[4]The trial court admits it
failed to enter this order on March 2, 2009, after considering the Defendants= motion to dismiss and
Davis=s response to Defendants= answer and motion to
dismiss.  No order dismissing Davis=s causes of action against
Livingston appears in the clerk=s record. 
However, the record does not reveal Livingston was served with citation
or answered.  Thus, the trial court had
no jurisdiction over Livingston.  See
Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 200 (Tex. 1985) (stating
that for a court to have personal jurisdiction over a defendant, the plaintiff
must evoke that jurisdiction by valid service of process on defendant).  However, we may consider this a
discontinuance as to Livingston, and the judgment is to be regarded as final
for the purposes of appeal.  See
Youngstown Sheet and Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex. 1962); see
also Rape v. M.O. Dental Lab, No. 02-01-00302-CV, 2003 WL 69534, at *2
(Tex. App.CFort Worth Jan. 9, 2003), rev=d on other grounds, 139 S.W.3d 671 (Tex.
2004).