**Affirmed and Memorandum Opinion filed February 16, 2012.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-11-00773-CV

## KENNETH L. HILL, Appellant

## V.

## BRUCE SMITH M.D. AND MICHELLE LASTRAPE, Appellees

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 44666**

## M E M O R A N D U M   O P I N I O N

This appeal arises from appellant's suit against appellees for alleged denial of medical treatment. The trial court granted appellees' motion to dismiss on the ground that appellant failed to exhaust his administrative remedies. In three issues appellant contends the trial court (1) abused its discretion in dismissing his suit for failure to state a claim, (2) violated the federal supremacy clause, and (3) abused its discretion in dismissing his claim pursuant to Chapter 14 of the Civil Practice and Remedies Code. We affirm.

**Factual and Procedural Background**

In January, 2009, appellant filed suit against appellees alleging they violated his rights under 42 U.S.C. § 1983 by refusing to give him a pair of custom-made orthopedic shoes to treat a chronic condition, which causes swelling in his foot. On January 30, 2009, appellees filed a motion to dismiss pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code, on the grounds that appellant's suit was frivolous because appellees are entitled to qualified immunity as a matter of law.

On August 16, 2011, the trial court sent a letter to appellant and the Assistant Attorney General informing the parties of several decisions concerning the various motions taken under advisement. The court noted that, on May 17, 2011, the parties began a telephonic hearing on appellees' motion to dismiss. At the hearing, a question arose as to whether appellant had ever before asserted that his condition was not treated for 41 days. Another telephonic hearing was held on July 22, 2011, at which appellant acknowledged that he had not filed a formal grievance on his claim. The court informed the parties at that time that it would grant the Chapter 14 motion. On September 7, 2011, the court granted the motion to dismiss under Chapter 14. This appeal followed.

**Chapter 14 of the Texas Civil Practice and Remedies Code**

Chapter 14 applies when, as here, an inmate files suit in a district court and files an affidavit of indigence. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.002. Under Chapter 14, a trial court may dismiss an inmate's suit for failure to comply with the chapter's procedural requirements; it may also dismiss a suit that is malicious or frivolous. *Id.* § 14.003; *Hickman v. Adams*, 35 S.W.3d 120, 123–24 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The trial court need not rely on a defendant's motion to exercise its discretionary power to dismiss under chapter 14. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a); *Wilson v. TDCJ–ID*, 107 S.W.3d 90, 92 (Tex. App.—Waco 2003, no pet.).

## Standard of Review

We review a dismissal under chapter 14 for an abuse of discretion. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

In conducting our review, we take as true the allegations in the inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition states a cause of action that would authorize relief. *See Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.). A claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies. *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). If an inmate fails to exhaust his administrative remedies, we may affirm a dismissal even if the ground was not presented in a motion to dismiss. Tex. Civ. Prac. & Rem. Code Ann. § 14.005; *Retzlaff*, 94 S.W.3d at 653.

## Exhaustion of Administrative Remedies

Section 14.005(a) mandates that an inmate who files a claim that is subject to the TDCJ grievance system file an affidavit or unsworn declaration stating the date that his grievance was filed and the date that he received the written grievance decision. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(1). The section also mandates the filing of a copy of the written grievance decision. *Id*. § 14.005(a)(2). If an inmate does not strictly comply with section 14.005(a), a trial court does not abuse its discretion in dismissing the claim. *Retzlaff*, 94 S.W.3d at 653.

A remedy provided by the statutory prison inmate grievance system is the exclusive administrative remedy available to an inmate for a claim for relief against TDCJ. Tex. Gov't Code Ann. § 501.008(a). "An inmate may not file a claim in state

3

court regarding operative facts for which the grievance system provides the exclusive administrative remedy until: (1) the inmate receives a written decision issued by the highest authority provided for in the grievance system[.]" *Id.* § 501.008(d)(1). The purpose of sections 14.005 and 501.008 is to allow the trial court to ensure that an inmate proceeding *in forma pauperis* has first used TDCJ's grievance procedure and has exhausted his administrative remedies through the prison grievance system before filing suit on the same operative facts. *See Brewer v. Simental*, 268 S.W.3d 763, 769 (Tex. App.—Waco 2008, no pet.).

The exhaustion of remedies requirement under section 501.008 of the Government Code and section 14.005 of the Civil Practice and Remedies Code requires proper exhaustion of remedies before an inmate may seek judicial review. *Leachman v. Dretke*, 261 S.W.3d 297, 310–11 (Tex. App.—Fort Worth 2008, no pet.) (following *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006)). Because appellant admitted he had not filed a grievance, he failed to properly exhaust his administrative remedies, and therefore failed to comply with the statutory procedural requirements as to his claims against appellees. The trial court did not err in dismissing these claims as frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a); Tex. Gov't Code Ann. § 501.008(d); *Retzlaff*, 94 S.W.3d at 654. Appellant's three issues are overruled.

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.